# EX PARTE HARDING.

## ORIGINAL.

Submitted March 16, 1887. — Decided March 21, 1887.

*Ex parte Wilson*, 114 U. S. 417, affirmed on the point that this court cannot discharge on habeas corpus a person imprisoned under the sentence of a Circuit or District Court, in a criminal case, unless the sentence exceeds the jurisdiction of that court, or there is no authority to hold the prisoner under sentence.

A territorial court is not deprived of its jurisdiction to try a person indicted for a criminal offence by the fact that an alien sat on the grand jury that found the indictment, under a provision of a territorial statute permitting it.

The denial of compulsory process to enable a person charged with crime to obtain witnesses at the trial in the court below, does not invalidate the judgment.

THE following motion was made in this case:

Now comes the petitioner, by his counsel, and moves this honorable court for leave to file petition praying for the issue of the writ of habeas corpus and for certiorari, and submits thereon the accompanying brief.

And it appearing that said petitioner is now under sentence of death, and his counsel being advised that execution of such sentence is fixed for the 25th day of March, instant, the speedy action of this honorable court in the premises is earnestly prayed.

Respectfully submitted.

A. T. BRITTON,
A. B. BROWNE,
J. K. TOOLE,
*Counsel for Petitioner.*

The petition accompanying the motion contained the following averments.

That the grounds and facts upon which your petitioner relies, and did rely, upon the trial of the said cause, are:

First. That your petitioner is deprived of his liberty, and is about to be deprived of his life, without due process of law, as guaranteed by Article V, Amendments to the Constitution of the United States, in this: That the indictment upon which defendant was prosecuted, tried, convicted, and sentenced was not found by a legal grand jury of the Territory and District wherein the said crime was alleged to have been committed; that said grand jury was not composed wholly of citizens of the United States — the peers of your petitioner; that one of the grand jurors of the grand jury, which found and returned the said pretended indictment, was an alien; therefore the said indictment was and is absolutely null and void.

Second. That the act of the Territory of Montana entitled "An Act Defining the Qualifications of Jurors," Session Laws Montana Territory, p. 57, 1881, under and by virtue of which said grand jury was selected and impanelled, is in derogation of Article VI of the Amendments to the Constitution of the United States, and of the laws of the United States in such case provided, in this: That said act authorized any male person of lawful age, other than a citizen of the United States, as competent to serve on said grand jury.

Third. That, at the pretended trial of your petitioner, he, said petitioner, was denied by said court his rights under Article VI of the Amendments to the Constitution of the United States, in this: He was by said court denied of his right to have compulsory process for obtaining witnesses in his favor.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This motion is denied. This court has no jurisdiction for the discharge on habeas corpus of a person imprisoned under the sentence of a territorial court in a criminal case, unless the sentence exceeds the jurisdiction of that court, or there is no

authority to hold him under the sentence. *Ex parte Wilson,* 114 U. S. 417, 420, and the cases there cited. The fact that a law of the territory allowed an alien who had declared his intention to become a citizen of the United States to sit on a grand jury, and that an alien did in fact sit on the jury that found the indictment against this petitioner, did not deprive the court of its jurisdiction for his trial under the indictment. The objection, if it be one, goes only to the regularity of the proceedings, not to the jurisdiction of the court. The same is true of the allegation in the petition that the petitioner was denied his right to have compulsory process for obtaining witnesses in his favor. For such errors or irregularities, if they exist, a judgment is not void, and a writ of habeas corpus gives this court no authority for their correction.

*Motion denied.*