Ex Parte Llera.

Appeal from the District Court of Guayama.

No. 54.—Decided December 6, 1906.

Habeas Corpus—Execution of Judgment—Warrant of Arrest.—A warrant issued in accordance with the provisions of section 327 of the Code of Criminal Procedure containing a certified copy of the judgment is sufficient authority to justify the execution of the judgment, and it is therefore valid for the purposes of a *habeas corpus* proceeding.

Id.—Irregularity in Proceedings.—Mere irregularities in the proceedings not affecting the jurisdiction of the court to execute the judgment do not render it null and void and cannot be inquired into on *habeas corpus*.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for respondent.

The appellant did not appear.

Mr. Justice Figueras delivered the opinion of the court.

This is an appeal taken by Agustín Llera from a decision denying his release from custody under *habeas corpus*, rendered by the District Court of Guayama on October 25 of the current year.

The petition was based upon defects in the commitment and errors of procedure committed in the investigation referred to in sections 66, 69, 70, *et seq.*, of the Penal Code which refer to security to keep the public peace.

But the Guayama court was perfectly right in denying the release from custody, because the commitment attacked, which is inserted in the petition, is in accordance with the provisions of section 327 of the Code of Criminal Procedure, which requires in this case only ''that a certified copy of the entry of the judgment must be furnished to the officer whose duty it is to execute the judgment, and no other warrant or authority is necessary to justify or require its execution.''

On the other hand, with regard to errors of procedure, also alleged to have been committed, we must say that ''when the objection made against a judgment refers only to irregularities in the proceedings which resulted in the trial, and not to the jurisdiction of the court to execute the judgment, such irregularity does not annul the judgment.'' (*Harding, ex parte,* 120 U. S., 782.)

Neither the record nor the petition nor any brief states the alleged errors, and this is another reason why the decision of the Guayama court of October 25 of the current year should be affirmed, with the costs against the appellant.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, MacLeary and Wolf concurred.