# IN THE MATTER OF THE APPLICATION OF JAMES P. CURRAN FOR A WRIT OF HABEAS CORPUS.

## August 12, 1916.

1. *Habeas corpus—Writ, when not granted:*  The writ of habeas corpus cannot be employed as a substitute for writ of error.

2. *Same—Same:*  And should not be granted unless the judgment or writ by authority of which petitioner is held, is void.

3. *Same—Error in procedure not basis for writ; exception:*  Error in procedure does not render judgment void unless it consists in the exercise of jurisdiction when none exists or in excess of that conferred by law.

4. *Same—Error in admitting evidence not basis for writ:*  Error in admitting evidence is error in procedure and does not render judgment void so as to warrant habeas corpus.

5. *Federal courts—Non-interference with other courts; exceptions:*  Federal courts should not interfere with proceedings in State or Territorial courts, except in cases of peculiar urgency.

*Habeas corpus:*  On petition for writ.

*C. H. McBride, Andrews & Pittman,* and *L. L. Burr* for petitioner.

*W. T. Carden,* Assistant County Attorney, for respondent.

VAUGHAN, J., The petitioner seeks by the writ of habeas corpus to be released from the custody of the sheriff of the City and County of Honolulu.

While it is true the writ of habeas corpus issues as a matter of right upon an ex parte hearing when the petitioner therefor shows himself to be entitled thereto, it does not issue as a matter of course upon application, but only when petitioner shows that he is illegally restrained of his liberty and that he is entitled to be enlarged. Let us examine the petition in this case and see if it makes any such showing.

It is unnecessary to set out the petition. It shows that the petitioner was convicted in the Circuit Court of the First Judicial Circuit of the Territory of Hawaii of a criminal offense, charged by indictment returned against him by a grand jury of said Court, to have been committed by him within the jurisdiction of said Court in violation of the laws of said Territory; the said Court having jurisdiction of the person of petitioner and of the offense charged against him.

The petitioner claims that his conviction was in violation of the Constitution and laws of the United States because the trial court permitted the prosecution over his objection to read as evidence before the jury the testimony of one Victor Derda, given on a former trial of said cause; that this action of the court denied petitioner his right to be confronted with the witness against him, guaranteed to him by the Sixth Amendment of the Constitution of the United States, and that said trial having resulted in the judgment by virtue of which he is now held in custody by the sheriff, he is illegally restrained of his liberty in violation of his rights guaranteed by the Constitution of the United States.

The petition shows that petitioner duly excepted to the action of the court in admitting said evidence, and in due time filed his motion for a new trial in said court, urging as one of the grounds thereof the action of the court

in admitting said evidence, which motion being over-ruled the petitioner duly excepted, and thereafter filed his bill of exceptions duly presenting his objections and exceptions to the rulings of the trial court complained of and to the verdict and judgment as being erroneous on account thereof; which exceptions were submitted to the Supreme Court of the Territory of Hawaii in accordance with the practice in said Territory; and thereafter the Supreme Court of said Territory rendered its decision in said cause overruling petitioner's exceptions.

The petition shows that after the rendition of the aforesaid judgment by the Supreme Court of the Territory a regular mandate was issued, remanding the cause to the First Circuit Court aforesaid, in which said cause was tried, and that thereafter the said First Circuit Court issued a mittimus directing Charles H. Rose, Sheriff of the City and County of Honolulu, to take petitioner into custody and to execute the sentence of said court against petitioner, requiring him to serve a term of four months in the county jail of the City and County of Honolulu; and that said Rose holds petitioner in custody by virtue of said mittimus.

The petition shows that the petitioner sought to take his case to the Supreme Court of the United States by writ of error and presented his petition therefor in due form to the Chief Justice of the Supreme Court of the Territory of Hawaii, and that said court finally denied said petition on the ground that no final judgment had been entered in said Supreme Court.

The petition alleges that "under the laws and decisions of the Territory of Hawaii, a defendant convicted in a criminal case has two methods of review, to-wit, by way of writ of error or by exceptions; that a defendant electing to pursue one of said methods of review, is precluded and estopped of pursuing the other; that in said case of Territory of Hawaii against your petitioner, counsel for your petitioner elected to appeal by way of exceptions, which said exceptions were overruled, as aforesaid, and by reason

of such fact, your petitioner is now unable to have any further or other review of the verdict and judgment in said First Circuit Court; and your petitioner further alleges that, except by the issuance of a writ of habeas corpus herein prayed for, he is without any and all means of relief or remedy in the premises."

In short, the petition shows that the petitioner has been convicted of a violation of the laws of the Territory of Hawaii in a court having jurisdiction of his person and of the subject matter of said controversy between him and said Territory, and that he has appealed from the judgment of conviction "by way of exceptions" and that his exceptions have been overruled by the Supreme Court of the Territory and that he cannot now appeal by writ of error.

Grant for the purpose of discussion that the clause of the Sixth Amendment of the Constitution of the United States which provides that "in all criminal prosecution, the accused shall enjoy the right . . . to be confronted with the witnesses against him," applies to and governs in trials and proceedings in the courts of the Territory of Hawaii; grant also for the purpose of discussion that the action of the trial court in permitting the prosecution, over the objections of the accused, petitioner, to introduce the evidence of the witness without confronting the accused with the witness on said trial was a denial to the accussed of a right guaranteed to him by said clause of said Amendment to the Constitution; to what relief is petitioner entitled under the law? What remedy does the law afford petitioner to obtain such relief? Is he entitled to have the judgment against him set aside and a new trial ordered, or is he entitled to have the judgment against him treated as a nullity? Is he entitled to the writ of habeas corpus?

It must be remembered that this court has no jurisdiction to review the proceedings of the Circuit Courts of the Territory for the correction of error. Such jurisdiction is conferred by the Organic Act upon the Supreme Court of

the Territory. That court in the exercise of that jurisdiction has reviewed this matter, and has decided that there was no error in the ruling of the Circuit Court, complained of by the petitioner. Nor has this Court jurisdiction to review the proceedings of the Supreme Court of the Territory for the correction of error. Such jurisdiction is conferred by the Organic Act upon the Supreme Court of the United States, not upon this court. That for the reasons he alleges, or for any reason, petitioner is cut off from the exercise of the jurisdiction of the Supreme Court of the United States and cannot have the proceedings of the Supreme Court of the Territory reviewed by the Supreme Court of the United States for the purpose of correcting the error, if it be error, of the Supreme Court of the Territory, in refusing to sustain his exceptions to the action of the trial court, cannot operate to confer such jurisdiction upon this Court, nor authorize this Court in the exercise of its jurisdiction to review for the purpose of correcting error the proceedings of the Territorial Courts.

[1] The writ of habeas corpus is not for the correction of error; it is not available for the correction of error. It is the writ for the enlargment of those unlawfully deprived of liberty; it results from the very nature of the writ that one held in custody by authority of an order or judgment of a court, to be entitled to be released from such custody by habeas corpus must show that the said court had no authority to make such order or render such judgment. It is not sufficient to show that the court committed error in conducting the proceedings or the trial which resulted in the judgment by authority of which he is held in custody; for all such errors the law gives a remedy to obtain relief; but not the writ of habeas corpus. Such errors may be corrected by the granting of a new trial either by the trial court or the court having jurisdiction on appeal or writ of error to do so; and the trial court will retain jurisdiction and try the case again. The writ of habeas corpus takes the prisoner

from custody and sets him free. It is only when he shows that he is entitled to be set free from custody that the writ of habeas corpus issues. As was said by the Supreme Court of the United States in *Frank v. Nagum*, 237 U. S. 309, 336, "Mere error in point of law, however serious, committed by a criminal court in the exercise of its jurisdiction over a case properly subject to its cognizance, cannot be reviewed by habeas corpus. That writ cannot be employed as a substitute for the writ of error."

It is insisted by counsel for petitioner that the right·denied to petitioner is guaranteed by the Constitution of the United States, and that it is the duty of this Court to release petitioner from imprisonment resulting from such denial of his constitutional right. It is also insisted that the denial of the constitutional right rendered the judgment void.

[2] [3] [4] In *Ex Parte Harding*, 120 U. S. 782, the petitioner for the writ of habeas corpus claimed that rights guaranteed him by the Fifth and Sixth Amendments of the Federal Constitution had been denied him by a Territorial Court of the Territory of Montana, and that as a result thereof he had been convicted in said court and was unlawfully "deprived of his liberty and about to be deprived of his life without due process of law," etc. The third ground of his application contained the following averment: "That, at the pretended trial of the petitioner, he, the said petitioner, was denied by said court his rights under Article Six of the Amendments to the Constitution of the United States, in this: He was by said court deprived of his right to have compulsory process for obtaining witnesses in his favor." Chief Justice Waite delivering the opinion of the court said: "This court has no jurisdiction for the discharge on habeas corpus of a person imprisoned under the sentence of a Territorial Court in a criminal case, unless the sentence exceeds the jurisdiction of that court, or there is no authority to hold him under the sentence. *Ex parte Wilson*, 114 U. S. 417, 420, and the cases there cited. The fact that

the law of the Territory allowed an alien who had declared his intention to become a citizen of the United States to sit on a grand jury, and that an alien did in fact sit on the jury that found the indictment against this petitioner, did not deprive the court of its jurisdiction for his trial under the indictment. The objection, if it be one, goes only to the regularity of the proceedings, not to the jurisdiction of the court. The same is true of the allegation in the petition that the petitioner was denied his right to have compulsory process for obtaining witnesses in his favor. For such errors or irregularities, if they exist, a judgment is not void, and a writ of habeas corpus gives this court no authority for their correction."

It is unquestionably true that the Sixth Amendment to the Constitution of the United States does guarantee the accused the right to compulsory process to obtain witnesses in his favor as well as the right to be confronted by the witness against him. If a denial of the right to compulsory process for witnesses is a mere error in procedure and does not render the judgment void, upon what reason or authority can it be held that a denial of the right to be confronted by the witness during the trial operates to deprive the court of its jurisdiction and makes any judgment it may thereafter render in the proceedings void? One is as much an error in procedure as the other; one is procedure before trial, the other during trial. Both are proceedings in exercise of jurisdiction, not in excess of it, if the court has jurisdiction of the subject matter of the controversy and of the person of the accused. "Jurisdiction of a question," as was said by Judge Sanborn, in *Ex parte Moran*, 144 Fed. 604, "is the lawful power to enter upon the consideration of it, and to decide it. It is not limited to making corrected decisions. It necessarily involves the power to decide an issue wrong as well as right." If a court has jurisdiction of a case or a prosecution, certainly it does not lose jurisdiction by rendering an erroneous decision even on the merits.

Can it be seriously contended that it loses jurisdiction of a prosecution by admitting evidence, even if the Constitution forbids the admission of such evidence? .

Counsel for petitioner have presented his application with such ability and zeal that I have considered it with more than usual care; and have carefully read the numerous cases they have cited.   No good purpose could be served, however, by discussing all these cases in this opinion.    Most of them are reviewed in the opinion of Judge Sanborn in *Stevens v. McClaughry,* 207 Fed. 18.

Suffice it to say that no authority has been cited, that an error of procedure, committed in a trial court having jurisdiction of the subject matter of the prosecution and of the person of the accused and authority to render the judgment and to issue the writ by which he is held in custody, authorizes the release of the accused by habeas corpus, even though such error may consist of a denial of a right guaranteed by the Constitution of the United States.  Of course, if the error be the assumption and exercise of jurisdiction when the law does not confer it, or beyond or in excess of that conferred by the law, the order or judgment rendered or writ issued without lawful jurisdiction or in excess of it is void; and imprisonment by such order, judgment or writ is unlawful and may and should be terminated by the release of the prisoner by habeas corpus.   Such was the case in *Ex parte Wilson,* 114 U. S. 417;   the court had no jurisdiction because no indictment had been found by a grand jury;   the Supreme Court of the United States held that, the crime being infamous an indictment by a grand jury was necessary to give jurisdiction.   Such was the condition in the several cases referred to by counsel, where the petitioner was imprisoned by virtue of a judgment which punished him the second time for the same offense, or after the power of the court to punish had been exhausted, or when the court had no power to punish, as in the case where the court imprisoned the party for the purpose of forcing

him to give criminating evidence against himself. In all such cases, it was not because the error of the court consisted of a denial of a Constitutional right, but because it was an exercise of power and jurisdiction not given by law or in excess of that given by law, in the making of the order or in the rendition of the judgment of imprisonment that the petitioner was entitled to the writ of habeas corpus to be released from unlawful imprisonment.

[5] There is another view which will be noticed. If petitioner shows his imprisonment to be unlawful under the principles discussed in the foregoing paragraphs, does he present a case of "peculiar urgency" and take himself out of the rule announced in those decisions of the Supreme Court of the United States which forbid the granting of the writ of habeas corpus to take prisoners from the custody of State courts, even where imprisonment is shown to be unlawful and the Federal courts have jurisdiction to grant the writ, except in cases of "peculiar urgency"? In all such cases, except those of "peculiar urgency," the remedy to obtain release from unlawful imprisonment by State or Territorial courts is appeal or writ of error to the Supreme Court of the United States after resort to the court of last resort in the State or Territory. The Supreme Court of the United States has often admonished judges of inferior Federal courts not to grant the writ of habeas corpus in such cases, has reversed judgments of such inferior courts granting the writ in such cases and refused to consider the question of the unlawfulness of the imprisonment except on appeal or writ of error from the State courts. *Ex parte Royall,* 117 U. S. 241, *Minn. v. Brundage,* 180 U. S. 499, *Urquhart v. Brown,* 205 U. S. 179. The admonition is equally applicable against interference of this Court with procedings in the courts of this Territory This Court has so held in *Soga, et al. v. Jarrett,* 3 U. S. Dist. Ct. Haw. 502, decided by Judge Robertson, now Chief Justice of the Supreme Court of the Territory, and *In the Matter of Atch-*

*erly,* 3 U. S. Dist Ct. Haw. 404, decided by Judge Woodruff. The petitioner shows nothing that takes him out of this rule which forbids the granting of the writ.

It is insisted by petitioner, however, that as he cannot reach the Supreme Court of the United States by writ of error, he is entitled to his remedy in this court. Petitioner chose to appeal to the Supreme Court of the Territory of Hawaii by way of exceptions, and if it be true that on account of his having chosen that method of appeal to the Supreme Court of the Territory he is cut off from reaching the Supreme Court of the United States by writ of error, that would not change his status in this court. If so, every party charged with crime in the Territorial courts of Hawaii, in every case involving a Federal question could choose whether he would pursue writ of error to the Supreme Court of the United States or have the judgment of the Supreme Court of the Territory reviewed by habeas corpus proceedings in this court. He would only need to decide which court he would go to. If to this court, he would appeal to the Supreme Court of the Territory by way of exceptions. It seems that the statement of these propositions should be sufficient answer. The writ is denied.