**NOLAND v. NOLAND et al.**

No. 9384.

Circuit Court of Appeals, Ninth Circuit.

April 26, 1940.

Rehearing Denied June 5, 1940.

Calvin S. Mauk, of Los Angeles, Cal., for appellant.

Chas. F. Blackstock and Wm. A. Reppy, both of Oxnard, Cal., for appellees.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

This is an appeal from an order of the United States District Court for the Southern District of California, Central Division, dismissing a "first amended civil bill of complaint in equity" without leave to amend, on the ground that no federal question was presented to the court.

The appellant, William Doster Noland and appellee, Vyola Bubb Noland (now Vyola Bubb Noland Loughman) were at one time husband and wife respectively. Wilfred L. Farrar is an appellee, but where not specifically mentioned in this opinion, the term will not be understood to include him.

Appellee secured a divorce from appellant in the District Court of Nevada on December 15, 1934, and was awarded the custody of their child with a monthly allowance for its support. The parties removed to California and thereafter appellant filed an action in the California Superior Court for modification of the Nevada decree as to custody and support of the child. Appellee answered and affirmatively asked for an increased award for the child's support.

Appellant alleges in his complaint in the instant case that after the case had been submitted in the California Superior Court, but before judgment, on December 23, 1937, appellant secured a modification of the Nevada decree by the Nevada court whereby the custody of the child was awarded to him and the support order was cancelled. Thereafter and on April 14, 1938, the California court rendered judgment by which the child's custody was unchanged, the support award was increased, appellant was given certain limited privileges of visiting the child, and appellant was ordered to pay a certain sum as attorney's fee for appellee's counsel. Appellant moved to vacate the judgment and the court denied the motion. No appeal was taken from the judgment. Appellant made no payments for the child's support or for appellee's attorney's fees, and the claims for unpaid amounts were assigned to appellee Farrar for collection. An order of court was thereafter made by the California Superior Court in aid of the collection of such assigned unpaid amounts.

Thereafter, appellant deeming himself aggrieved, sought relief in the California District Court of Appeal by way of the writ of prohibition against the California Superior Court. Such District Court of Appeal issued its alternative writ on the 23rd day of March, 1938, restraining the said Superior Court from proceeding in the matter of enforcing the order relating to payment of fees, but not restraining the court from proceeding to decide the submitted case. On June 3, 1938, this writ was discharged and appellant's petition was denied. Noland v. Superior Court in and for Ventura County, 26 Cal.App.2d 708, 80 P.2d 76. This order, of the District Court of Appeal was unsuccessfully appealed to the Supreme Court of California.

The record shows an affidavit of appellant's filed in support of his petition for a temporary restraining order in the United States District Court containing the following: "That the first amended bill of complaint in equity avers, that the complainant has appealed to the District Court of Appeal, Second Appellate District, Division Two, of the State of California, and the Supreme Court of the State of California, for relief in the matters herein involved, and the said appeals were denied and furnished no relief to the complainant herein * * *."

The appellant prays in his first amended bill of complaint in equity that the United States District Court issue an injunction restraining the defendants from "conducting any further procedure in the courts of California pertaining to the matters herein involved, wherein their actions will operate against the claimant herein, * * *" and "That all orders, restraining orders, orders to show cause, and all orders made and on the record by the Superior Court of the State of California in and for the County of Ventura, by order of the court be set aside and declared null and void". He also prays for the issuance of the writ of habeas corpus, as well as for relief in other matters having arisen under and by virtue of the California judgment against him.

■ The complaint is subject to much the same objection as called forth the following from the court in the case of Van Weel v. Winston, 115 U.S. 228, 6 S.Ct. 22, 29 L.Ed. 384: "It [the complaint] is full of the words 'fraudulent' and 'corrupt,' and general charges of conspiracy and violation of trust obligations. Mere words, in and of themselves, and even as qualifying adjectives of more specific charges, are not sufficient grounds of equity jurisdiction, unless the transactions to which they refer are such as in their essential nature constitute a fraud or a breach of trust for which a court of chancery can give relief." See also Fogg v. Blair, 139 U.S. 118, 127, 11 S.Ct. 476, 35 L.Ed. 104.

■ The District Court was right in holding that it was without jurisdiction to entertain the action. The jurisdiction of the District Court is only that conferred by the federal constitution or federal statutes (28 U.S.C.A. § 41, Judicial Code, § 24, as amended). Rice v. Minnesota & N. W. Railroad Company, 1 Black 358, 374, 17 L.Ed. 147. Nowhere in the statutes or in the constitution can any authority for the

District Court's jurisdiction of the instant case be found.

The case of Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362, was strikingly similar to our case. There the parties desired relief by way of injunction from the United States District Court after the judgment had become final. The parties were citizens of the same state, and the subject matter was properly before the court of that state, all as here.

We quote from the cited case, 263 U.S. at page 415, 44 S.Ct. at page 150, 68 L.Ed. 362:

"It affirmatively appears from the bill that the judgment was rendered in a cause wherein the circuit court had jurisdiction of both the subject-matter and the parties, that a full hearing was had therein; that the judgment was responsive to the issues, and that it was affirmed by the Supreme Court of the state on an appeal by the plaintiffs. [191 Ind. 141], 131 N.E. 769. If the constitutional questions stated in the bill actually arose in the cause, it was the province and duty of the state courts to decide them; and their decision, whether right or wrong, was an exercise of jurisdiction. If the decision was wrong, that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding. Unless and until so reversed or modified, it would be an effective and conclusive adjudication. Elliott v. Peirsol, 1 Pet. 328, 340, 7 L.Ed. 164; Thompson v. Tolmie, 2 Pet. 157, 169, 7 L.Ed. 381; Voorhees v. Bank of United States, 10 Pet. 449, 474, 9 L.Ed. 490; Cornett v. Williams, 20 Wall. 226, 249 [22 L.Ed. 254]; Ex parte Harding, 120 U.S. 782, 7 S.Ct. 780, 30 L.Ed. 824. Under the legislation of Congress, no court of the United States other than this court could entertain a proceeding to reverse or modify the judgment for errors of that character. Judicial Code, § 237, as amended by Act Sept. 6, 1916, c. 448, § 2, 39 Stat. 726. To do so would be an exercise of appellate jurisdiction. The jurisdiction possessed by the District Courts is strictly original. Judicial Code, § 24. Besides, the period within which a proceeding might be begun for the correction of errors such as are charged in the bill had expired before it was filed, Act September 6, 1916, c. 448, § 6, 39 Stat. 726, and, as is pointed out in Voorhees v. Bank of United States, supra, after that period elapses an aggrieved litigant cannot be permitted to do indirectly what he no longer can do directly.

"Some parts of the bill speak of the judgment as given without jurisdiction and absolutely void; but this is merely mistaken characterization. A reading of the entire bill shows indubitably that there was full jurisdiction in the state courts and that the bill at best is merely an attempt to get rid of the judgment for alleged errors of law committed in the exercise of that jurisdiction.

"* * * —the assumption being indulged merely for the purpose of testing the nature of the bill and the power of the District Court to entertain it."

There are no material matters alleged in the amended bill of complaint before the District Court that were not, or could not have been placed before the state court. It may also be pointed out that Section 265 of the Judicial Code, 28 U.S.C.A. § 379, provides as follows: "The writ of injunction shall not be granted by any court of the United States to stay any proceedings in any court of a State, except in those cases where such injunction may be authorized by any law relating to proceedings in bankruptcy." See Union Pacific R. Co. v. Flynn, C.C., W.D.Mo.1910, 180 F. 565, 568.

In Leathe v. Thomas, 7 Cir., 97 F. 136, 138, 38 C.C.A. 75, it was said: "The prohibition of the statute does not extend to proceedings in a court of the state up to and including final judgment only, but to the entire proceedings from the commencement of the suit until the execution issued on the judgment or decree is satisfied. * * * Wayman v. Southard, 10 Wheat. 1 [6 L.Ed. 253]." See also Marshall v. Holmes, 141 U.S. 589, loc. cit. 597, 12 S.Ct. 62, 35 L.Ed. 870.

As to the issuance of the writ of habeas corpus by Federal courts relating to matters cognizable by the State courts, see Urquhart v. Brown, 205 U.S. 179, 27 S.Ct. 459, 51 L.Ed. 760; Palmer v. McCauley, 9 Cir., 1939, 103 F.2d 300.

Affirmed.