## DORSEY EDMONDSON *v.* PATRICK J. BRADY, WARDEN

[No. 78, October Term, 1947.]

*Decided March 14, 1947.*

98

The cause was submitted to MARBURY, C. J., DELA-
PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Dorsey Edmondson* submitted on brief for appellant
*pro se.*

*Hall Hammond, Attorney General,* and *J. Edgar Har-
vey, Assistant Attorney General,* submitted on brief for
appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from the refusal of Judge Joseph
Sherbow of the Supreme Bench of Baltimore City to grant
the appellant, Dorsey Edmondson, a writ of *habeas
corpus.*

The appellant was indicted by the Grand Jury of Balti-
more City on three indictments, each containing four
counts, charging him respectively with breaking an
out-house with the intent to commit a felony therein,
violation of the Rogue and Vagabond Statute, larceny,
and receiving stolen goods. He pleaded not guilty. The
docket entries do not show what disposition was made
of the third count of each indictment. He was found
not guilty by the Court on the first and fourth counts
of each indictment and guilty on the second count of
each indictment. He was sentenced, on July 24, 1942, to
one year on each indictment, the sentences to run con-
secutively.

On September 19, 1944, he was indicted by the Grand
Jury of St. Mary's County for unlawfully escaping from
the Maryland House of Correction, Leonardtown Road
Camp. On September 22, 1944, at a jury trial, he was
found guilty of that charge and sentenced to an addi-
tional term of three years, to begin at the expiration
of the three sentences given him on July 24, 1942.

In his petition for writ of *habeas corpus* he contests the validity of his commitments under both the rogue and vagabond and the escape charges.

He assigns as error:

(1) That his arrests on all charges were illegal.

(2) That he was illegally held in the State of Pennsylvania and illegally returned to the State of Maryland.

(3) That there were no witnesses who testified against him on the rogue and vagabond charges.

(4) That he was put in jeopardy three times for the same offense.

(5) That he should have been tried under 18 U. S. C. A., Section 408e, known as the "Fugitive Felon Act," rather than for the crime of escape.

(6) That he was denied witnesses at his trial.

(7) That he was not permitted to select his own jury at his trial in St. Mary's County.

1 and 2. After final judgment of conviction, the jurisdiction of the Court rendering the judgment, cannot be questioned on the grounds that the accused was brought before it in an improper manner. In the case of *Rigor v. State,* 101 Md. 465, 61 A. 631, 4 Ann. Cas. 719, the accused was convicted in the Circuit Court for Baltimore County and sentenced to the Maryland Penitentiary. While in the penitentiary, he was taken to the Criminal Court of Baltimore City on a writ of *habeas corpus* to plead to an indictment charging him with assault with intent to kill. He questioned the right of the Criminal Court of Baltimore City to try him during the time he was serving the sentence imposed by the Circuit Court for Baltimore County. He was found guilty in the Criminal Court of Baltimore City and sentenced to an additional term in the Maryland Penitentiary, this term to start at the expiration of the sentence he was then serving. Chief Judge McSherry, in disposing of Rigor's contention that he should not have been brought in the Baltimore City Court on the writ of *habeas corpus,* said at page 473 of 101 Md., at page 634 of 61 A.: "After final judgment of conviction the jurisdiction of the court cannot be

questioned by an inquiry into the manner in which the accused was brought before it; and this is true even though the prisoner had been kidnapped and forcibly brought before the court from a foreign jurisdiction. [*Ex&parte Ah Men*], 77 Cal. [198], 202, [19 P. 380, 11 Am. St. Rep. 263]. So in *Mahon v. Justice,* 127 U. S. [700], 708, 8 S. Ct. 1204, 32 L. Ed. 283, the Supreme Court declared that the jurisdiction of the court in which the indictment is found is not impaired by the manner in which the accused is brought before it. The Criminal Court of Baltimore City had jurisdiction of the offense charged against the plaintiff in error by the grand jury of Baltimore City, and when the accused was brought into that court the court acquired jurisdiction over him, and after he was put upon trial and was convicted and sentenced, the jurisdiction of the court cannot be questioned by an inquiry into the manner in which he was brought before it." It was further said in the case of *Sheehan v. Huff,* 78 U. S. App. D. C. 391, 142 F. 2d 81: "Counsel for petitioner, appointed by this court to represent him on appeal, has filed a persuasive brief. It admits that the Supreme Court has decided that jurisdiction in a criminal case is not impaired by the fact that the accused was brought before the court in an unlawful manner, but urges these decisions should not be followed. We believe, however, that the question is so well settled that it cannot be reopened here. *Mahon v. Justice,* 1888, 127 U. S. 700, 8 S. Ct. 1204, 32 L. Ed. 283; *Lascelles v.* [*State of*] *Georgia,* 1893, 148 U. S. 537, 13 S. Ct. 687, 37 L. Ed. 549; *Pettibone v. Nichols,* 1906, 203 U. S. 192, 27 S. Ct. 111, 51 L. Ed. 148, 7 Ann. Cas. 1047."

3. On a writ of *habeas corpus* the Court cannot question the guilt or innocence of the petitioner or inquire into the sufficiency of the evidence offered at the trial to prove his guilt. *Bernard v. Warden,* 187 Md. 273, 49 A. 2d 737; *Olewiler v. Brady,* 185 Md. 341, 44 A. 2d 807; *Wright v. Brady,* 4 Cir., 129 F. 2d 109.

4. In reference to his allegation of former jeopardy, in his brief he alleges that he told the trial judge that

the Bill of Rights said in part: "Nor shall any person be subject for the same offense to be twice put in jeopardy." The docket entries in the record do not show that he was previously tried for these same offenses and the only evidence of that fact is the above statement contained in his brief. No plea of former jeopardy, according to the docket entries, was entered by him. There is no allegation by the petitioner that he had been tried and convicted or acquitted of the same offenses. *Neff v. State*, 57 Md. 385, 392.

5. As to the allegation that he should have been tried under the Federal Statute, 18 U. S. C. A., Section 408e, known as the "Fugitive Felon Act," rather than for the crime of escape, this contention is utterly without foundation. That Federal Statute provides that it shall be unlawful for any person to move or travel in interstate or foreign commerce with the intent to avoid prosecution, or custody, or confinement after conviction for murder, kidnapping, burglary, robbery, mayhem, rape, assault with dangerous weapon, or extortion accompanied by threats of violence, or attempt to commit any of the aforegoing, under the laws of the place from which he flees or to avoid giving testimony in criminal proceedings in such place in which the commission of a felony is charged. Under the provisions of this Act, violations may be prosecuted only in the Federal Judicial District in which the original crime was alleged to have been committed or in which the person was held in custody or confinement. This statute was held constitutional in the case of *United States v. Brandenburg*, 3 Cir., 144 F. 2d 656, 154 A. L. R. 1160. The crime for which the petitioner was serving sentence at the time of his escape was that of rogue and vagabond which is not within the Federal Statute. If he had violated the Federal Statute he could have been tried only in the Federal courts and not in the State courts. Even if the crimes of rogue and vagabond were within the Federal Statute this would not bar his prosecution for escape which is an offense under Article 27, Section 149, Flack's Code,

amended by Chapter 25 of the Acts of 1943, and it was for the offense of escape that he was indicted by the Grand Jury for St. Mary's County.

6.   He contends that he was denied witnesses at his trial. In his brief he states that he had Mrs. Cora Rice, 1100 Whitelock Street, Baltimore, summoned to Court as one of his witnesses. He states that she was not present at the trial. It is provided by Article 21 of the Declaration of Rights of the Constitution of Maryland: "That in all criminal prosecutions, every man hath a right to * * * have process for his witnesses * * * and to a speedy trial by an impartial jury." He admits that Mrs. Rice was summoned but says she did not appear. He does not say whether her absence was due to removal from the jurisdiction or for other causes which might, if given cognizance by the Court, indefinitely have delayed his trial. The Declaration of Rights above quoted assures him process for witnesses but does not guarantee attendance of the witnesses. See also *Ex parte Harding,* 120 U. S. 782, 7 S. Ct. 780, 30 L. Ed. 824, where the Supreme Court held that, where a petitioner for a writ of *habeas corpus* had been denied the right to compulsory process in obtaining witnesses, the objection was only to the regularity of the proceedings and did not affect the jurisdiction of the Court and the judgment was not void and the writ of *habeas corpus* gave that Court no authority to correct the proceedings.

7.   He contends that he was not permitted to select his own jury at his trial in St. Mary's County. According to the brief filed by him, the Court assigned a lawyer to represent him at the trial. Before the jury was selected he asked the trial judge to withdraw the lawyer from the case as he claimed he was not representing him properly. This lawyer selected the jury and, after the jury was selected, at the request of the petitioner, the lawyer was withdrawn from the case. He does not say in his brief that the lawyer improperly selected the jury or that he protested that selection. Where counsel is assigned by the Court and properly selects the jury

and no protest is made at that time by the client to his counsel's selection, a mere allegation that the client was not permitted to select his own jury is not an allegation of error which is taken cognizance of under a writ of *habeas corpus*. Furthermore, *In the Matter of Schneider,* 148 U. S. 162, 13 S. Ct. 572, 37 L. Ed. 406, a petition was filed for a writ of *habeas corpus* on the grounds that the jury was improperly selected. The Supreme Court of the United States said in that case at page 166, of 148 U. S., at page 572 of 13 S. Ct., "The ground of the application does not go to the jurisdiction or authority of the supreme court of the District, and mere error cannot be reviewed in this proceeding."

The order of the learned judge, who refused to issue the writ, will be affirmed.

*Order affirmed, without costs.*