Louis WILSON, Appellant,

v.

STATE OF NEBRASKA, Maurice H. Sigler, Warden of the Nebraska State Penitentiary, Lincoln, Nebraska, Appellee.

No. 17223.

United States Court of Appeals Eighth Circuit.

April 24, 1963.

Louis Wilson, appellant, pro se.

Clarence A. H. Meyer, Atty. Gen. of Nebraska, and H. G. Hamilton, Asst. Atty. Gen. of Nebraska, for appellee.

Before VOGEL, VAN OOSTERHOUT and RIDGE, Circuit Judges.

PER CURIAM.

This is an appeal from a denial of a petition for writ of habeas corpus by the United States District Court for the District of Nebraska.

On October 16, 1961, Louis Wilson was tried before a jury in the State District Court of Douglas County, Nebraska, and found guilty of robbery. On December 7, 1961, he was sentenced to confinement in the Nebraska State Penitentiary for a term of five years. He and a co-defendant, Homer Charles Smith, appealed from the judgment of conviction to the Supreme Court of Nebraska. That court, in State v. Wilson, 1962, 174 Neb. 86, 115 N.W.2d 794, affirmed the judgment of conviction, holding that the evidence was sufficient and also that certain excluded testimony was immaterial to any substantive issue in the case.

At all times Wilson was represented by counsel, both in the trial before a jury

in State District Court as well as on the appeal before the Supreme Court of Nebraska. He filed his petition for writ of habeas corpus with the United States District Court as an indigent and *pro se*. He so appears here.

In Wilson's petition for a writ of habeas corpus filed December 7, 1962, with the United States District Court, he claimed insufficiency of the evidence to support his conviction, improper exclusion of evidence, refusal of the trial court to subpoena witnesses for the defense, and violation of his constitutional rights by the Supreme Court of Nebraska's failure to file his notice of appeal and to provide him with a certified copy of the record. In denying his petition, the District Court held that such matters are not proper subjects to be considered in a habeas corpus proceeding. The court also pointed out that Wilson failed to comply with the rules of the Supreme Court of the United States pertaining to a petition for a writ of certiorari and that Rule 53 thereof dispensed with the necessity of filing a certified record if one was not obtainable.

On appeal here, Wilson sets out four assignments of error as follows:

"1. The evidence does not prove appellant guilty beyond a reasonable doubt.

"2. The verdict of the jury is clearly wrong, and the evidence does not sustan the appellant [sic] conviction.

"3. Where the theory of the defense was that a fight took place rather than a robbery, the court erred in refusing to admit evidence offered by appellant which showed the reason and cause for the fight.

"4. To justify conviction on circumstantial evidence, circumstances must be consistent with each other and inconsistent with any hypothesis of innocent. [sic] Smith v. State, 61 Neb. 296, 85 N.W. 49."

The District Court, while finding that the petition before it did not establish exhaustion of state remedies, neverthe-

less concluded to consider it on the merits. Upon the issues of the admissibility of evidence and the alleged denial of compulsory process, the District Court stated in its Memorandum:

"The first two alleged irregularities relating to the trial court's denial of his 'right to have (a) witness' and its exclusion of evidence, are matters to be raised on direct appeal and not by collateral attack. Citations to cases which uniformly hold that alleged errors in the admission or exclusion of evidence must be raised on appeal if at all may be found in 25 Am.Jur., Habeas Corpus § 53 and 39 C.J.S., Habeas Corpus § 21. See especially Bright v. United States, 8th Cir., 274 F.2d 696. An examination of the cases cited therein shows that the rule has been applied in cases presenting more extreme factual situations than does the case now under consideration.

"Cases holding that failure or even refusal of a trial court to issue process intended to compel the attendance of witnesses for the defendant, will not warrant issuance of the writ, while not as numerous, are, nevertheless, unopposed by persuasive authority. See Ex parte Harding, 120 U.S. 782, 7 S.Ct. 780, 30 L.Ed. 824; Bozel v. Hudspeth, 10th Cir., 126 F.2d 585; Bailey v. Henslee, W.D.Ark., 168 F.Supp. 314; and United States v. Skeen, N.D.W. Va., 145 F.Supp. 776."

With reference to appellant's claim that the state court refused him the right to subpoena witnesses, the appellee directs our attention to the fact that such issue was not presented on appeal to the Supreme Court of Nebraska and, additionally, that the statement is incorrect in that the official transcript of the case includes an order dated October 12, 1961, setting forth that Louis Wilson appeared in person and with his attorney, the Public Defender, and the court being advised that Wilson was an indigent person unable to pay court costs necessary to

prosecute the action, directed the clerk to receive and file all necessary pleadings and issue all necessary processes to meet the requirements of justice.

 While the District Court did not specifically refer to the main question raised here as to the sufficiency of the evidence to justify conviction, it has long been established that sufficiency of the evidence and veracity of witnesses cannot be challenged through the medium of habeas corpus but must be raised by direct appeal. See Schlette v. People of State of California, 9 Cir., 1960, 284 F.2d 827, 834, certiorari denied, 366 U.S. 940, 81 S.Ct. 1664, 6 L.Ed.2d 852, and Grundler v. State of North Carolina, 4 Cir., 1960, 283 F.2d 798, at page 801 where Chief Judge Sobeloff said:

"* * * We think that the transcript of the trial demonstrates that the evidence was sufficient. Even if we entertained doubts about this, there would be no basis for a federal court in a habeas corpus proceeding to undertake a broad review of the conviction in the state court. There is a difference between a conviction based upon evidence deemed insufficient as a matter of state criminal law, and one so totally devoid of evidentiary support as to raise a due process issue. It is only in the latter situation that there has been a violation of the Fourteenth Amendment, affording the state prisoner a remedy in a federal court on a writ of habeas corpus."

In the instant case the Supreme Court of Nebraska, in its review of the conviction, considered the insufficiency charge, calling attention to the fact that one witness definitely identified Wilson as a participant in the robbery, stating at page 796 of 115 N.W.2d:

"The testimony of a single witness which identifies a defendant as a participant in a robbery is sufficient to sustain a finding of guilt if the witness had a reasonable opportunity to observe the defendant. Small v.

State, 165 Neb. 381, 85 N.W.2d 712,. 70 A.L.R.2d 984; Wilshusen v. State,. 149 Neb. 594, 31 N.W.2d 544. The credibility of the witnesses was for the jury and the jury in this case had. a right to believe Roundtree. Thus, the evidence is sufficient to sustain the conviction of the defendant Wilson although it is just barely sufficient."

In the District Court Wilson complained:

"That the denial of Plaintiffs rights are evidenced, in the Nebraska Supreme Court clerks failure to file Plaintiffs notices of appeal and grant Plaintiff his statutory right to have his case reviewed by the United States Supreme Court."

Failure to file notice of appeal or to grant appellant a certified copy of his trial court proceedings does not justify interference through habeas corpus by a United States District Court. Apparently Wilson confused the procedures concerned with direct appeal to the Supreme Court and those involving a petition for a writ of certiorari. As pointed out by the District Court, he should have followed Rule 21 of the Supreme Court Rules. Since he was at all times proceeding as an indigent person, he would furthermore come within the provisions of Supreme Court Rule 53(2) which in part states:

"* * * Notwithstanding any other provision of these rules, a party moving for leave to proceed in forma pauperis who shows that he was unable to obtain a certified copy of the record in the court below without payment of fees and costs need not file such a record with his jurisdictional statement, petition for writ of certiorari, or motion for leave to file."

 It would appear clear that the issues Wilson attempts to raise both here and in the court below are not such as are cognizable by habeas corpus but only in a direct appeal. Habeas corpus is not a substitute for an appeal or for a writ of certiorari.

Affirmed.