Paul **KEENER**

v.

**STATE OF TENNESSEE.**
Civ. A. No. 5128.

United States District Court
E. D. Tennessee, S. D.

Feb. 21, 1968.

B. Stewart Jenkins, Chattanooga, Tenn., for petitioner.

George F. McCanless, Atty. Gen., Nashville, Tenn., for respondent.

## OPINION

FRANK W. WILSON, District Judge.

In this habeas corpus proceeding the petitioner, Paul Keener, attacks the legality of his present confinement in the Tennessee State Penitentiary under a conviction and sentence for second degree murder, the conviction having occurred in the Circuit Court for Marion County, Tennessee. The petitioner was indicted upon June 7, 1965, in the Circuit Court for Marion County, Tennessee, for mur-

der in the first degree in connection with the fatal shooting of one Robert O'Leary. The shooting was alleged to have occurred on May 9, 1965. Upon a plea of not guilty the petitioner was tried before a jury upon July 30, 1965, and found guilty of murder in the first degree. A sentence of 20 years was imposed. This conviction was appealed to the Tennessee Supreme Court and the sentence was modified by that Court on October 17, 1966, to murder in the second degree, with punishment being fixed at the minimum term of ten years. As thus modified, the conviction was affirmed. Thereafter the petitioner filed a petition for habeas corpus in the First Circuit Court for Davidson County, Tennessee, on January 17, 1967. As provided by Tennessee law, the habeas corpus proceeding was transferred to the Circuit Court for Marion County, Tennessee, wherein the conviction had occurred. The trial court entered an opinion denying the petition without a hearing. On appeal the Tennessee Supreme Court adopted the opinion of the trial court and affirmed the dismissal of the habeas corpus petition upon October 20, 1967.

In the meantime, the petitioner had filed two previous petitions for habeas corpus in this court, one being filed on April 3, 1967, and being entitled "Paul Keener v. C. Murray Henderson, Warden," Civil Docket No. 4956, and the other being filed upon August 2, 1967, and being entitled "Paul Keener v. State of Tennessee," Civil Docket No. 5036. Each of these petitions was dismissed by this Court as having been prematurely filed while similar proceedings were pending in the state courts. Following the action of the Tennessee Supreme Court in denying the petition for habeas corpus, the present petition was filed in this court upon November 3, 1967. The petition proceeded to issue in due course and an evidentiary hearing was held upon all issues upon January 10, 1968. This opinion will constitute the findings of fact and conclusions of law of the Court upon the entire record in this cause, which includes the record both upon the

criminal trial of the petitioner in the state court and upon the habeas corpus proceedings in the state court, as well as the testimony of eight witnesses received at the time of the evidentiary hearing, including the petitioner, his attorney, the state trial judge, the state prosecuting attorney, and other witnesses.

The contentions of the petitioner in his original petition as filed in this proceedings were (1) that the verdict was contrary to the law and evidence, (2) that the verdict was contrary to the weight of the evidence, (3) that there was no evidence in support of the verdict, (4) that there was no competent evidence of intent to commit murder, (5) that state officials failed to execute process upon witnesses subpoenaed by the petitioner and the petitioner was denied a continuance and forced to trial in the absence of material witnesses, all in violation of his constitutional rights, (6) that the trial court erred in failing to suppress evidence of a prior shooting, (7) that the petitioner was arrested and placed in jail for a period of five days without being taken before a committing magistrate and interrogated during this time without the advice or assistance of counsel, all in violation of his constitutional rights, and (8) that error was committed in admitting an alleged inflammatory argument on the part of the prosecuting attorney. Subsequent to the answer of the respondent being filed, the petitioner, by stipulation, was allowed to amend his petition to aver the following grounds as a basis of the present petition: (1) that petitioner was denied effective assistance of counsel during police interrogation, (2) that the petitioner was interrogated upon his arrest without having been duly advised of his constitutional rights, (3) that the petitioner was held in jail for an unreasonable period of time before being informed of the accusation against him and without being permitted to confer with an attorney, (4) that the state failed to disclose exculpatory evidence of a witness, D. S. Bracken, (5) that the attitude of the trial court precluded a fair trial, (6) that the petitioner, al-though indigent, was denied counsel upon appeal, (7) that the petitioner was denied a proper transcript, and (8) that improper and inflammatory evidence was admitted upon the criminal trial.

Some of the matters asserted by the petitioner can appropriately be disposed of without extensive comment. Matters relating to the sufficiency of the evidence to support a verdict do not rise to a level of the violation of the petitioner's right under the Federal Constitution unless the record upon the trial is devoid of credible evidence to support the verdict. Glasgow v. Moyer, 225 U.S. 420, 32 S.Ct. 753, 56 L.Ed. 1147 (1912); Knewel v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036 (1925); Fernandez v. Klinger, 346 F.2d 210 (9th Cir. 1965) cert. den. 382 U.S. 895, 86 S.Ct. 191, 15 L.Ed.2d 152. Accordingly habeas corpus will not lie to inquire into the sufficiency of the evidence unless there is a total absence of credible evidence. Price v. Henkel, 216 U.S. 488, 30 S.Ct. 257, 54 L.Ed. 581 (1910); Hyde v. Shine, 199 U.S. 62, 25 S.Ct. 760, 50 L.Ed. 90 (1905). A review of the transcript of the proceedings upon the criminal trial readily reflects evidence in support of the verdict. That the decedent was twice shot by the petitioner is undisputed. Likewise it is undisputed that he died of these wounds before arriving at the hospital. The defense of the petitioner was that he acted in self-defense. The shooting occurred upon a Sunday afternoon at the store of one D. S. Bracken in a rural area of Marion County, Tennessee. The petitioner had gone to the store armed with a pistol. Although the petitioner contended that O'Leary without provocation assaulted him with a hammer, according to Mr. Bracken's testimony the shooting occurred after some argument between the petitioner and O'Leary over another shooting incident in which the petitioner had been involved the day previous. The testimony of the witness Bracken denied that O'Leary had assaulted the petitioner with a hammer prior to the fatal shooting. A jury issue thus clearly existed as to these matters. Accordingly, Grounds

(1) (2) (3) and (4) in the original petition are without merit in this habeas corpus proceeding.

■■ Passing over for the time being Ground (5) in the original petition, wherein the petitioner complains of the failure of the trial court to grant a continuance, and proceeding to Ground (6) of the original petition and Ground (8) of the amended petition, wherein the petitioner complains of the failure of the trial court to suppress evidence of a prior shooting, the Court is of the opinion that no grounds for habeas corpus relief exist in this regard. Ordinarily the admission or exclusion of evidence provides no ground for relief upon habeas corpus. Charlton v. Kelly, 229 U.S. 447, 33 S.Ct. 945, 57 L.Ed. 1274 (1913). Moreover, the prior shooting incident, reference to which is now complained of, formed the basis of the argument between the plaintiff and O'Leary immediately prior to the fatal shooting of O'Leary, according to the testimony of one or more of the witnesses. These matters were therefore clearly relevant.

■ Ground (7) in the original petition, along with Grounds (1) (2) and (3) in the amended petition, complain that the petitioner was arrested and placed in jail for five days before being taken before any magistrate, and was interrogated extensively during this period without the advice or assistance of counsel. These matters were never raised in the criminal trial, in which the petitioner was represented by retained counsel. No motion to suppress was ever asserted upon the basis of any unlawful pretrial detention or interrogation of the petitioner. No rights in this regard having been asserted at the trial, none were violated.

■ Ground (8) of the original petition complains of error upon the part of the trial court in admitting argument of the Attorney General alleged to have been inflammatory. No record of these matters is contained in the transcript of the criminal trial. Matters pertaining to the propriety of the argument must or-

dinarily be asserted upon appeal, and are not grounds for habeas corpus relief unless they rise to the level of a denial of a constitutional right of the accused. The evidence in this record does not support a finding that any impropriety in the argument was of such a nature as to violate the petitioner's constitutional rights. The transcript of the criminal trial omits the argument. The Attorney General denies any improper argument. The trial judge has no recollection of any improper argument or any objection thereto. The only evidence in the record in regard to any alleged improper argument is the testimony of the petitioner and the testimony of his attorney in the criminal trial to the effect that the Attorney General did refer in his argument to another shooting involving the petitioner. Even were such argument made, it does not constitute a constitutional error. Moreover, as noted above in regard to Ground (6) of the original petition, there was competent evidence in the criminal trial to the effect that the argument between O'Leary and the petitioner immediately prior to the fatal shooting related to the petitioner's having shot another man the day before. Reference to this testimony in the argument would not be error, constitutional or otherwise.

■ There remains for consideration Ground (5) in the original petition and Grounds (4) (5) (6) and (7) in the amended petition. Ground (4) in the amended petition complains of failure of the State to disclose exculpatory evidence in the nature of a written statement of the witness Bracken. Suffice it to say that there is no evidence in this record of any wilful suppression of evidence on the part of the State in this regard. Moreover, no motion of any kind was made at the time of the criminal trial. Finally, the Court is unable to find any significant difference in the statement of the witness Bracken as contained in the state investigative report and his testimony as given at the time of the criminal trial or his testimony as given in this habeas corpus proceeding.

Ground (5) of the amended petition complains of the attitude of the trial court as having precluded a fair trial in the criminal case. There is no evidence to support this allegation, the evidence being to the contrary. Reference was made at the hearing to the trial court having caused a witness for the defendant to be arrested in the presence of the jury for appearing intoxicated in the courtroom. The record is clear, however, that the jury was excluded from the courtroom when this took place. See Exhibit E, Transcript, page 140.

Passing for the time being Ground (6) in the amended petition, Ground (7) complains of the denial of a proper transcript as being a violation of the petitioner's constitutional rights. At the time of the criminal trial the petitioner was not indigent, but proceeded with retained counsel. A court reporter was provided. The only evidence of a deficiency in the transcript is the omission of matters relating to the motion to continue made prior to commencement of the trial and the omission of the closing arguments. Omissions from transcripts may be supplied by narrative under the Tennessee practice. Accordingly, any omission or correction in the transcript arose by failure of the petitioner or his counsel to assert available rights, not by reason of any discrimination against the petitioner as a result of indigency. No federal constitutional right would arise with respect to alleged omissions in the transcript.

Two grounds remain to be considered in the present petition, one being Ground (5) in the original petition and the other being Ground (6) in the amended petition.

Ground (5) of the original petition complains of the failure of the state trial court to continue the trial on motion of the defendant after witnesses had failed to appear for lack of execution of a subpoena by court officers. Unfortunately, no record of any kind in regard to this motion was made at the time of the criminal trial. Both the petitioner and his attorney have testified that the motion was made orally in open court at the commencement of the trial. The transcript omits any reference to such proceedings. After the lapse of time, the trial court quite understandably had no recollection of such a motion having been made. Neither does the state's attorney recall such a motion. However, the record does appear to sustain the petitioner, both in asserting that a motion to continue was made and was denied and in asserting that a subpoena was not executed in regard to certain witnesses and that the witnesses were not present for the trial. The petitioner testified that he attempted to subpoena Richard Hood, who was present in the store at the time of the fatal shooting, and Roy Ritchie, Richard Ritchie, and Richard Coppinger, who are alleged to have knowledge of O'Leary's having made hostile or threatening statements about the petitioner prior to the shooting. The investigative report of the State verifies that Richard Hood was an eyewitness to the shooting, but that he did not appear at the trial. Counsel for the defendant did call for him, but he was not present (Exhibit E, Transcript, p. 128). The petitioner further testified that he delivered a subpoena unto the clerk of the court for these and other witnesses but that the sheriff had failed to serve the subpoena prior to the trial. It appears that no court record was made in regard to the issuance of the subpoena, but the clerk verifies from memory that Keener delivered a subpoena to him for witnesses sometime prior to the trial. He does not now recall the names of the witnesses. The clerk further testified that he delivered the subpoena to the sheriff for service sometime prior to the trial. In the regular order of affairs, a return should have been made by the sheriff in regard to his action on the subpoena. However, there is no record in the court file of the subpoena ever having been returned. Mr. Wild, the attorney for the petitioner in the criminal trial, has testified to matters that would support the petitioner in his contentions in regard to the petition-

er having been required to go to trial without the benefit of compulsory process for witnesses. The petitioner's contentions in this regard are further strengthened by the fact that a similar contention was asserted in the motion for new trial filed on behalf of the petitioner upon August 20, 1965, less than one month following the trial.

 Upon the record in this case the Court accordingly concludes that the petitioner was denied the right to compulsory process to procure the attendance of witnesses. While this denial would not at one time have been considered grounds for federal habeas corpus relief (see Ex parte Harding, 120 U.S. 782, 7 S.Ct. 780, 30 L.Ed. 824 (1887)), the right to compulsory process to compel the attendance of witnesses is an express right accorded in the Sixth Amendment of the Federal Constitution. That this Sixth Amendment right, along with the right to counsel as contained in that Amendment, is now encompassed within the due process and equal protection clauses of the Fourteenth Amendment cannot be doubted. See Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964); Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). Likewise it cannot be doubted that federal habeas corpus will lie at the instance of a state prisoner to assert his federal constitutional right to compulsory process to compel the attendance of witnesses in a state criminal trial. See Maxwell v. Hudspeth, 175 F.2d 318 (10th Cir. 1949) cert. den. 338 U.S. 834, 70 S.Ct. 39, 94 L.Ed. 509; Taylor v. Holman, 222 F.Supp. 482 (M.D. Ala.1963) aff. 330 F.2d 497 (5th Cir. 1964); U. S. ex rel. Cooper v. Reincke, 219 F.Supp. 733 (D.Conn.1963) aff. 333 F.2d 608 (2d Cir. 1964) cert. den. 379 U.S. 909, 85 S.Ct. 205, 13 L.Ed.2d 181. While there is only the petitioner's statement as to what the witnesses Roy Ritchie, Richard Ritchie and Richard Coppinger would have testified to, the record does reflect that the witness Richard Hood was an eyewitness to the slaying and his statement is a part of the record in this proceeding. Whether his testimony would support the contentions of the defendant on the issue of self-defense may well be debatable. However, as stated in Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967):

"[B]efore a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt."

See also Fahy v. State of Connecticut, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963); Rosenthal v. Henderson, 389 F.2d 514 (6th Cir. 1968). This Court cannot say that the denial of compulsory process was harmless beyond a reasonable doubt.

Turning finally to Ground (6) in the amended petition, wherein the petitioner contends that he was denied the right to counsel upon appeal, the Court is of the opinion that the evidence sustains the petitioner's contentions in this regard. The record upon this issue is largely, if not wholly, undisputed. It appears that the petitioner was represented by retained legal counsel upon his trial. However, immediately following his trial the petitioner filed an affidavit of indigency upon July 30, 1965 (Exhibit No. P-4). Upon August 26, 1965, his retained legal counsel filed a motion to be relieved from further representation of the petitioner for failure of the petitioner to pay their contract fee (Exhibit B, p. 6). This motion was denied by the trial court (Exhibit B, p. 7). Counsel for the defendant thereafter failed to appear at proceedings upon the motion for new trial until ordered to do so by the trial court (Exhibit B, p. 10). Following the denial of the motion for new trial, counsel for the petitioner notified both the trial court and government counsel that they did not expect to further represent the petitioner upon his appeal. Upon this state of the record the appeal proceeded without the petitioner having the benefit

of counsel. The absence of counsel was in fact noted in the opinion of the Tennessee Supreme Court (Exhibit A, p. 1). The Tennessee Supreme Court then proceeded to review the record and to affirm the conviction after reducing the conviction to one for second degree murder rather than first degree murder and after reducing the sentence to ten years, the minimum sentence for second degree murder.

 The right of an indigent to counsel upon an appeal as a matter of federal constitutional law has been settled in Douglas v. State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) and Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963). The recent case of Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967), is closely analogous on its facts to the present case. There counsel withdrew from the case after filing a motion for new trial and a notice of appeal. The Missouri Supreme Court then proceeded to review the record without the appointment of counsel. The United States Supreme Court held that the Missouri practice violated the petitioner's Fourteenth Amendment right to assistance of counsel even though it assumed that the petitioner made no request for the appointment of appellate counsel and even though the motion for new trial specifically designated the issues which could be considered on direct appeal. As stated by the Court:

"It is now settled 'that where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend upon a request.' Carnley v. Cochran, 369 U.S. 506, 513, 82 S.Ct. 884, 889, 8 L.Ed.2d 70."

This Court is of the opinion that the fact of indigency was made to sufficiently appear so as to have required the appointment of legal counsel upon appeal in accordance with the foregoing decisions.

The Court is accordingly of the opinion that the petitioner's rights under the Federal Constitution were violated both with respect to the denial of process for the compulsory attendance of witnesses and with respect to the denial of counsel upon appeal. While provision is now made for the granting of a delayed appeal under the Tennessee Post Conviction Procedure Act (T.C.A. § 40–3820), (Supp.1967)) nothing short of a new trial could remedy the error committed by the denial of process for witnesses.

It is therefore directed that an order be submitted to the Court by counsel for the respondent for the issuance of a writ of habeas corpus adjudging that the petitioner be released from further custody of the warden at the Tennessee State Penitentiary, Nashville, Tennessee, and delivered to the custody of the sheriff and District Attorney General of Marion County, Tennessee, if the said state officials intend to retry the petitioner for the offense out of which the instant proceeding arose. In the event the said state officials do not intend to retry the petitioner for the said offense, the order will direct that he be released from further custody forthwith.