GEORGE J. ALDEN, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. In an indictment against an officer of a corporation for embezzlement of the property of such corporation, the corporate name as fixed by law should appear in such indictment as the owner of the property, and the name of office of such officer as prescribed by law should be truly set out therein.

2. Judgment will be arrested when it appears that there is a misnomer in either the name of the corporation or in the title of the officer of the corporation so charged with embezzlement.

3. Indictments to be valid should be properly endorsed, as is provided by statute, (Thomp. Dig., p. 522,) either "a true bill" or "not a true bill," together with the name of the foreman of the grand jury.

Writ of Error to the Circuit Court for Volusia county. The facts of the case are stated in the opinion.

*E. K. Foster* and *John W. Price* for Plaintiff in Error,

*The Attorney-General* for the State.

MR. JUSTICE VANVALKENBURGH delivered the opinion of the court.

At the Spring Term of the Circuit Court, held in and for Volusia county, in the year one thousand eight hundred and seventy-eight, the grand jury found an indictment against the plaintiff in error, the charging portion of which is as follows: " The grand jurors of the State of Florida, enquiring in and for the body of the county of ———, upon their oaths do present that George J. Alden, late of the county of Volusia aforesaid, in the circuit and State aforesaid, laborer, on the first day of October, in the year of our Lord one thousand eight hundred and seventy-six, with force and arms at, in the county of Volusia aforesaid, the said George J. Alden being then and there Superintendent of Public Schools and Secretary of the Board of Public Instruction in and for the county of Volusia aforesaid, the said Board of Public Instruction being a corporation then and there duly, legally established, organized and existing by virtue of the laws of the State of Florida, did, by virtue of his said office of Superintendent of Public Schools and Secretary of the said Board of Public Instruction as aforesaid, and while the said George J. Alden was employed in his said office of Superintendent of Public Schools and Secretary of the Board of Public Instruction, have, receive and take into his possession certain property, to-wit: school-books of the value of three hundred dollars of the goods, chattels and property of the said Board of Public Instruction, and the said school-books then and there unlawfully, fraudulently and feloniously did embezzle," &c.

The counsel for the defendant moved to quash this indictment for several reasons, among which are the following: " The record of the court does not show that the grand

jury has ever brought in any true bill of indictment against the defendant at said term of court."

" Because there is no such office in the State of Florida or county of Volusia as County Superintendent of Public Schools, named and described in the indictment as the officer who received the money charged to have been appropriated."

The motion was overruled, and the counsel for the defendant excepted.

The cause was tried, and the defendant was found guilty, whereupon his counsel made a motion in arrest of judgment, assigning many reasons, among which are the following :

Because the court refused to quash the indictment on a motion heretofore made, and also because there is no such office known to the law as the one named in the indictment, and by which the defendant is described.

The court overruled the motion, the counsel excepted, and the case is here on writ of error.

In the year one thousand eight hundred and sixty-nine the Legislature enacted a law entitled " An act to establish a uniform system of common schools and a university." (Laws, 1869, Chapter 1686.)   Section 2 of this act provides that " the officers of the department of public instruction shall be a Superintendent of Public Instruction, a State Board of Education, a Board of Public Instruction for each county, a *Superintendent of Schools* for each county, local School Trustees, Treasurers and agents."   It establishes the State Board of Education, providing that it shall consist of the Superintendent of Public Instruction, the Secretary of State and the Attorney-General, the Treasurer of the State being made the Treasurer of the Board.   It is made a corporate body, with full power to perform all corporate acts for educational purposes.   By section 14 it is enacted that " each Board of Public Instruction is hereby constituted a

corporate body by the name of 'The Board of Public In-
struction for the county of ———, State of Florida,' and in
that name may acquire and hold real and personal estate,"
&c.    This statute further provides in section 17 that " *the
County Superintendent of Schools* shall be Secretary and
agent of the Board."

The indictment charges that the defendant, by virtue of
his office of " Superintendent of Public Schools and Secre-
of the Board of Public Instruction in and for the county
of Volusia aforesaid, the said Board of Public Instruction
being a corporation then and there duly, legally established,
organized and existing by virtue of the laws of the State
of Florida," did unlawfully, &c., embezzle certain school-
books, the property of such Board of Public Instruction.
The title of this corporation is fixed and determined by
law as " The Board of Public Instruction for the county of
Volusia, State of Florida."    The title of the officer is also
determined as " Superintendent of Schools."    It is true the
same act speaks of this officer as County Superintendent of
Schools, making him Secretary and agent of the Board,
but nowhere in such act is he designated as " Superintend-
ent of Public Schools," nor is the corporation mentioned as
" The Board of Public Instruction in and for the county of
Volusia aforesaid."    There is no such corporation known
to the law as the one described in this indictment, which it
is claimed was the owner of the school-books alleged to
have been embezzled, nor is there any officer of said cor-
poration known to this law bearing the title of " Superin-
tendent of Public Schools and Secretary of the Board of
Public Instruction."    There is clearly a misnomer of the
corporation which it is alleged the defendant defrauded, as
well as a misnomer of the officer of that corporation, the
defendant himself.    By an examination of the statute books
of the State the true name of both corporation and officer

could have been discovered.   Commonwealth vs. Pope, 12 Cushing, 272 ; Mathews vs. The State, 33 Texas, 102 ; 1 Bishop C. P. §682 ; The State vs. Waters, 3 Brev., 507.

Though this error is fatal, and warrants the arrest of the judgment, we will call attention to one other error.

The statute of this State (Thomp. Dig., p. 522,) directs that " all indictments shall be signed by the prosecuting attorney, and endorsed on the back by the foreman of the grand jury, when so found, ' a true bill,' and when not found ' not a true bill,' and signed by him," &c.   The indictment before us is properly signed by the prosecuting attorney, but there is no such endorsement as is required by that statute anywhere upon it.   Neither the words " a true bill," nor the name of the foreman of the grand jury, or the date of its filing by the clerk, appear in or upon the indictment.

Other errors are assigned, arising upon exceptions taken on the trial, which it is not now necessary to notice, as the judgment must be arrested for those above considered.

Judgment arrested.