STATE OF MARYLAND *vs.* SAMUEL S. TRACEY.

*Embezzlement—Indictment—Sec. 75 of Art. 27 of the Code.*

Section 75 of Article 27 of the Code of Public General Laws, pro-
viding that an employé who "shall fraudulently embezzle any
money" from his employer, "shall be deemed to have feloni-
ously stolen the same," makes the offence larceny, and an indict-
ment under such section, which does not allege the ownership of
the property or money embezzled, is not sufficient to sustain a
conviction.

APPEAL AS UPON WRIT OF ERROR, from the Circuit
Court for Anne Arundel County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., ROBINSON,
IRVING, BRYAN, MCSHERRY, and BRISCOE, J.

*James M. Munroe, State's Attorney for Anne Arundel
County,* for the appellant.

*John Ireland,* and *James Revell,* for the appellee.

IRVING, J., delivered the opinion of the Court.

The appellee was indicted for embezzlement under
section 75, of Article 27 of the Code of Public General
Laws.   There were three counts in the indictment, and a
demurrer was interposed to them, which the Circuit Court
for Anne Arundel County sustained.   The petition for
removal of the record to this Court, as upon writ of error,
avers as the ground of error, that the Court adjudged
"the indictment to be insufficient in law, because the

said indictment did not allege that the money charged to have been fraudulently embezzled by the traverser, as set out in the indictment, was the money and property of the 'Curtis Creek Mining Furnace and Manufacturing Company,' nor did said indictment allege any ownership of the said money charged to have been fraudulently embezzled as set out in said indictment; whereas, the Court ought to have overruled the demurrer, and ought to have sustained the indictment as sufficient in law, because it is not necessary to allege the ownership of the property charged to have been fraudulently embezzled as set out in the indictment."

A single question is presented for our decision, to wit, whether in an indictment under the section 75, of Article 27 of the Code, the ownership of the property or money embezzled, must be alleged to make the indictment good and sufficient in law to sustain a conviction.

The contention of the State is, that the offence is statutory, and that having substantially followed the language of the statute, the indictment is good; and the appellee contends that the statute having declared the offender to have feloniously stolen, made the offence larceny, and consequently all the essential averments of a good indictment for larceny must be found in this indictment, or it is bad.

This statute was enacted by chapter 310 of the Acts of the General Assembly of 1886. It is borrowed almost *verbatim,* from 39 George III, chapter 85, and 7 and 8 George IV, chapter 29, section 47. In defining the offence of embezzlement by servants, employés and agents, those statutes use the language which ours has copied, "Shall be deemed to have feloniously stolen the same from his master or employé."

If this makes the offence larceny, then an indictment for that offence should contain all the material averments which are necessary to be proven in order to con-

vict; and nothing must be left to intendment.   1 *Arch-bold Cr. Pl. & Pr.*, (*8th Ed.*,) 265; 1 *Bishop's Crim. Prac.*, secs. 505, 509.

That these statutes do make the offence larceny, and that, as a consequence thereof, it is necessary to allege the ownership of the property, as contended for by the appellee in this case, has been expressly decided both in England and in this country.   In *McGregor's Case, Leach on Crown Law*, 938, the question was distinctly presented and decided on a motion to arrest a judgment upon an indictment which was defective in omitting to charge the ownership of the property.   Judgment in that case was arrested.   Much stress has been laid, in argument, that this decision was rendered by only a majority of the Judges.   If that was the case, it has been acquiesced in and followed ever since.   The statement that it was by a majority of the Court finds explanation in the fact that two of the Judges were not present at the final consultation where the conclusion was reached.   In 2 *East's Crown Law*, 578, it was said with reference to this case: a difference of opinion for a while prevailed, but on the 25th of February, 1802, *all* the Judges, (except Lord KENYON, C. J. and ROOKE, J., who did not meet the other Judges in consultation,) were of opinion that the statute made the offence larceny, and that the indictment was bad in not alleging the ownership of the property.

In 2 *Russell on Crimes*, (*9th Am. from 4th London Edition*,) 464, that learned author says: "Except as section 71, of the 24 and 25 Vict., ch. 96, may have otherwise provided, it seems that the indictment ought to contain all the requisites of an indictment for larceny at common law."   This statement immediately follows his citation of the decision of the Court of King's Bench that counts for embezzlement and larceny could be joined, because Lord ELLENBOROUGH, Chief Justice said, that the statute

had made it a felony and a larceny.    On the next page Mr. Russell cites and states the *McGregor Case* in support of his statement of the law.    We have been unable to find any case throwing discredit on this decision or shaking its authority.    The case of *Rex vs. Beacall, Moody's Crown Cases,* 15, is to the like effect, and *Mr. Wharton's* and *Mr. Chitty's Precedents* sustain this as the law.    New Jersey has a similar statute, and in *State vs. Lyon,* 45 *N. J. Law,* 272, it was decided that ownership in such case was an essential averment; and the Court cites *Wharton's* and *Chitty's Precedents* and *McGregor's Case* as authority.    *Alden vs. The State,* 18 *Florida,* 187, where a like law prevails, seems to maintain the same view.    Having borrowed the law from England where an established construction prevails and has long obtained, it is reasonable to hold, that we have adopted it with the interpretation there accorded to it.    The judgment will be affirmed.

*Judgment affirmed.*

(Decided 20th February, 1891.)