NEVIN W. CROUSE *v.* STATE OF MARYLAND.
[No. 60, October Term, 1932.]

432

*Decided January 12th, 1933.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and PARKE, JJ.

*Alexander Armstrong,* with whom were *Ivan L. Hoff* and *James E. Boylan, Jr.,* on the brief, for the appellant.

*William L. Henderson, Assistant Attorney General,* with whom were *William Preston Lane, Jr., Attorney General,* and *Theodore F. Brown, State's Attorney for Carroll County,* on the brief, for the State.

ADKINS, J., delivered the opinion of the Court.

The appellant was indicted for embezzlement. The indictment charged that:

> "The said Nevin W. Crouse being then and there the cashier of the Pleasant Valley Bank of Carroll County, a body corporate of the State of Maryland, and as such cashier of the Pleasant Valley Bank of Carroll County, having received into his possession for, on account of and in the name of the said, The Pleasant Valley Bank of Carroll County, his employer, the sum of fifteen thousand ($15,000) dollars, current money of the United States of the value of fifteen thousand ($15,000) dollars, did then and there unlawfully and fraudulently embezzle said sum of fifteen thousand ($15,000) dollars current money of the United States, of the value of fifteen thousand ($15,-000) dollars, of the money and property of the said, The Pleasant Valley Bank of Carroll County.

> "Contrary to the form of the Statute in such case made and provided and against the peace, government and dignity of the State."

He demurred to the indictment, and the court overruled the demurrer. Whereupon appellant pleaded "not guilty," and the case was tried by a jury, which returned a verdict of guilty. This appeal is from a judgment on that verdict.

The only question raised by the appeal is the correctness of the ruling on the demurrer. The contention of the appellant is that the indictment was fatally defective because it failed to assert that the act or acts with which he was charged were feloniously committed by him. *Bosco v. State,* 157 Md. 407, 409, 146 A. 238, and cases there cited, would seem to be conclusive against that contention. See, also, *Joyce on Indictments,* par. 333.

Appellant was charged with a statutory offense under section 129 of article 27 of the Code, and the indictment is in the language of the statute. It further makes clear the particular act with which appellant is charged.

There is nothing in the decision in *State v. Tracey,* 73 Md. 447, 21 A. 366, relied on by appellant, in conflict with this view. It is there held that the statute makes the offense of embezzlement larceny, and that as a consequence it is necessary to allege the ownership of the property stolen. That is because ownership of the property is a necessary element of the crime. But actual felonious intent is not a necessary element of the crime created by the statute. "Fraudulently" is the term used in describing the intent.

Felonious intent is a conclusion of law from the commission of the crime described in the statute. The distinction is clearly stated in *United States v. Staats,* 8 How. 41, 12 L. Ed. 979, cited and followed in *Bannon v. United States,* 156 U. S. 464, 15 S. Ct. 467, 39 L. Ed. 494.

But if that were not so, under the terms of the statute one committing the crime therein described "shall be deemed to have feloniously stolen," etc. The indictment, therefore, substantially charges felonious intent when it uses the language of the statute in describing the offense.

*Judgment affirmed.*