## CAREY v. BRADY, Warden.

### No. 1181.

District Court, D. Maryland.

June 16, 1941.

John G. Turnbull, Asst. State's Atty., of Baltimore, Md., for Warden Brady.

No appearance for Carey.

CHESNUT, District Judge.

This is another habeas corpus case in which the petitioner seeks release from the Maryland Penitentiary where he is serving a sentence of three years consequent upon a conviction on April 1, 1941 of a charge of burglary, in the Circuit Court for Baltimore County, Maryland. The proceeding here was initiated by a very informal and inconclusive petition; but in order to inquire into the matter the Clerk of the Court was directed to issue the writ which was made returnable on June 3, 1941, at which time and on June 5, 1941, the petitioner was fully heard and the State of Maryland was represented by

516

Mr. Turnbull, Assistant State's Attorney for Baltimore County. All the testimony offered by the parties, including the petitioner, was heard and considered.

■ The petitioner requested the court to appoint counsel to present his case on the application for the writ. This request was taken under advisement pending the hearing and the oral testimony of the petitioner. After hearing it was deemed unnecessary to appoint counsel for the particular petitioner because in another case of a similar nature the court had previously appointed Mr. G. Van Velsor Wolf, a competent member of the Baltimore Bar, to prepare and argue the case for the petitioner, one Merrill L. Gall. Gall v. Brady, D.C., 39 F.Supp. 504. After hearing the oral argument it appeared that the point on which he was seeking release, that of failure to appoint counsel for him at his trial, was the same as the point of law involved in Gall's case. As the court has no fund to compensate counsel specially appointed in any criminal case or in this habeas corpus case, it was not thought to be necessary to specially appoint counsel for the habeas corpus case.

The testimony in Carey's case was substantially the same with respect to failure to appoint counsel as that related in the case of Gall in which an opinion has just been filed in this court. The charge against Carey was burglary early on Christmas morning 1940 of the dwelling house of a Mr. John Whitridge by whom Carey had previously been employed as a butler, and the stealing therefrom of some articles of small value, and a Ford automobile. Carey's testimony in this case in substance was that he was arrested in Washington, D. C., on Christmas night near the scene of a street collision involving the Ford automobile which had been stolen from Mr. Whitridge; and that he was taken before a magistrate or judge who discharged him for insufficient evidence, but that he was subsequently arrested and against his will and without formal legal proceedings was forcibly taken to Baltimore County where he was held in jail under excessive bail (which he unsuccessfully endeavored to have reduced by a habeas corpus proceeding), and then indicted by the Grand Jury for the County on March 10, 1941, by indictment No. 8478.

The docket entries in the case show that on March 17, 1941 Carey was arraigned before Judge Lawrence in Baltimore County when he pleaded not guilty; and thereafter on April 1, 1941 his case was called for trial before the Honorable C. Gus Grason, a judge of the court, at which time Carey waived a jury trial and was tried by Judge Grason who entered a verdict of guilty on the burglary charge and sentenced him to three years in the penitentiary.

In this court Carey testified that when he was arraigned before Judge Lawrence he asked that counsel be appointed for his trial but was told that it was not customary to assign counsel for defendants in a case of the nature of his. He also testified that before going to trial before Judge Grason the Judge said that he had better plead guilty because he would be found guilty; but nevertheless he elected to be tried by the Judge without a jury because he was informed that he would probably have a better chance before a Judge than with a jury in that County.

Judge Lawrence was not called as a witness in the case here but Judge Grason did testify fully and categorically denied that he had made the statement attributed to him by the prisoner and had no recollection of having been asked to appoint counsel, and felt quite sure that he had not been so requested. A deputy sheriff who brought Carey back from Washington testified categorically that Carey had come perfectly willingly and had not been forcibly abducted from Washington. It also appeared from the testimony that Carey had a substantial prior criminal record which was doubtless taken into consideration by Judge Grason in determining the sentence. The testimony in the case was stenographically reported but has not been transcribed.

■ I find as a fact from the testimony in the case that Carey's trial before Judge Grason was in all respects fair and consistent with due process, unless the failure of Judge Lawrence to appoint counsel at Carey's request constituted lack of due process. I find that Carey did not request Judge Grason to appoint counsel for him or make any showing of facts from which Judge Grason should have made the appointment of counsel. With regard to the charge that Carey was forcibly abducted from Washington to Baltimore County, I hold that that is not a material matter for inquiry in this habeas corpus proceeding in this court. But if it

should be deemed material, then I find as a fact that Carey was not forcibly brought back from Washington but came back freely and voluntarily with the Maryland State officer.

■ For the reasons stated in the opinion in the case of Merrill L. Gall, Gall v. Brady, D.C., 39 F.Supp. 504, also filed in court today, I hold that the failure to appoint counsel for Carey was not a lack of due process of law within the meaning of the 14th Amendment to the Federal Constitution.

The writ is hereby dismissed and the applicant is remanded to the custody of the Warden of the Maryland Penitentiary.