# JAMES REXROAD *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[No. 136, October Term, 1946.]

*Decided May 16, 1947.*

The cause was submitted to MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

James Rexroad, in *pro per*, submitted on brief for the appellant.

*Hall Hammond, Attorney General,* and *J. Edgar Harvey, Assistant Attorney General,* submitted on brief for the appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal by James Rexroad, appellant here, from the refusal of Judge Robert France, sitting in the Baltimore City Court, to grant him a writ of *habeas corpus.*

The grounds given by the appellant are as follows: "I, James Rexroad, was tried in Cumberland, Allegany County, for non-support on a warrant sworn out by my wife, who was *insane,* at which time now she is confined in a mental institution. Also, at the time I was arrested, my wife was living with someone else and my mother was taking care of our children with my support." The record in this case shows that on December 13, 1944, he was tried before the Juvenile Magistrate in Allegany County on the charge of non-support of his wife and three minor children. A jury trial was waived. He pleaded not guilty, was found guilty and sentenced to eighteen months in the Maryland House of Correction. This sentence was suspended upon the condition that he stop drinking, work regularly and give his wife $5 a week. On December 16, 1944, the parole was stricken out by the Juvenile Magistrate and an appeal noted to the Circuit Court of Allegany County. That Court, on December 26, 1944, placed the appellant on parole at the request of his wife and ordered him to go to work and support his family.

On March 23, 1946, a warrant was issued charging the appellant with causing, encouraging, or contributing toward the delinquency or dependency of his three minor children. Acts of 1945, Chapter 976, Sections 370 (11) and 374. A jury trial was waived. A trial was held before the Magistrate for Juvenile Causes on March 28, 1946, under a plea of not guilty. He was found guilty and sentenced to two years in the Maryland House of Correction. This sentence was suspended on the condi-

tion that he go to work and carry out the orders of the Circuit Court to support his family properly.

On October 8, 1946, the appellant was arrested on a warrant issued by the Magistrate for Juvenile Causes, charging him with violation of his parole. Acts of 1945, Chapter 976, Section 374B. A trial was held on October 8, 1946. He pleaded not guilty, was found guilty and sentenced by the Magistrate for Juvenile Causes on the same day to two years in the Maryland House of Correction, which sentence he is serving at the present time.

No appeal was taken by him from his convictions on March 28, 1946 and October 8, 1946, aforesaid. Acts of 1945, Chapter 976, Section 374AAA. In his petition for his writ of *habeas corpus* he does not allege that he has not violated the conditions of his parole. *Wright v. Herzog*, 182 Md. 316, 322, 323, 34 A. 2d 460. The grounds upon which he rests his claim for discharge are as above set forth: that his wife was insane, is confined in a mental institution and at the time of his arrest, she was living with someone else and his mother was taking care of their children with his support.

On *habeas corpus* this Court has no more right than on direct appeal to inquire into the legal sufficiency of the evidence on which the petitioner was convicted. *Bernard v. Warden of Maryland House of Correction*, 187 Md. 273, 49 A. 2d 737. The judge was therefore correct in refusing to issue the writ as prayed.

*Order affirmed, without costs.*