## FRANK COPELAND *v.* J. LEROY WRIGHT, WARDEN

[No. 153, October Term, 1946.]

*Decided June 11, 1947.*

The cause was submitted to MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

Submitted on brief by Frank Copeland in *pro per* for the appellant.

Submitted on brief by *Hall Hammond, Attorney General,* and *J. Edgar Harvey, Assistant Attorney General,* for the appellee.

MARBURY, C. J., delivered the opinion of the Court.

Appellant filed his petition for a writ of *habeas corpus* and was referred to Judge Emory H. Niles of the Supreme Bench of Baltimore. Judge Niles declined to issue the writ. Thereupon, an appeal was taken to this Court.

The allegations of the petition are in substance that appellant was arrested at a time when another man had him down on the ground. When an officer came up the other man said that appellant had robbed him of his wallet and money. He was searched at the time and later at the station house, but neither money nor wallet was found. Appellant was also accused of having hit the police officer three times in his side. He states that there were two other police at the scene who were not called as witnesses, although they saw whatever happened. He contends that as nothing was found on him, and the money or the wallet would have been found on him if he had taken them, there was insufficient evidence to convict him of robbery, and as the other two witnesses were not called to substantiate the police officer, there was no substantial evidence to convict him of assault. He was found guilty of both robbery and assault.

*Habeas corpus* cannot be used to review the verdict of a jury on disputed facts. *Oleweiler v. Brady,* 185 Md. 341, 44 A. 2d 807. Nor can it be used to review the legal

sufficiency of evidence to support a conviction. *Bernard v. Warden,* 187 Md. 273, 49 A. 2d 737; *De Grange v. Wright,* 188 Md. 95, 51 A. 2d 669; *Edmondson v. Brady,* 188 Md. 96, 52 A. 2d 96; *Rexroad v. Warden,* 188 Md. 498, 53 A. 2d 273.

Appellant also claims that he had two witnesses, but was tried without them. He admits, however, that they were summoned and their names were called at the trial, but they did not answer. There is no allegation why they were not present or to what they were expected to testify. An accused is entitled to his witnesses if they can be found within the jurisdiction of the Court, but their attendance is not guaranteed. Under proper circumstances if the request is made a trial can be delayed while further efforts are made to get witnesses whose appearance is considered essential to the defense. It does not appear that any such course was suggested by appellant. He does not show in this case that he was denied any of the rights in this respect to which he might have been entitled. He cannot make the mere absence of his witnesses the basis for the issuance of a writ of *habeas corpus. Edmondson v. Brady, supra.*

*Order affirmed, without costs.*