## ERNEST NANCE *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[No. 166, October Term, 1946.]

*Decided June 12, 1947.*

The cause was submitted to MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

Submitted on brief by Ernest Nance, in *pro. per.*, for the appellant.

Submitted on brief by *Hall Hammond, Attorney General, and J. Edgar Harvey, Assistant Attorney General,* for the appellee.

HENDERSON, J., delivered the opinion of the Court.

On January 7, 1947, the appellant was tried in the Criminal Court of Baltimore City before Judge Smith, on a charge of robbery with a deadly weapon. He elected trial before the Court without a jury, declined to testify in his own behalf, and was convicted and sentenced to three years in the House of Correction. On March 12, 1947, he filed a petition for a writ of *habeas corpus* in the Baltimore City Court. The application was refused by Judge Mason without a hearing, and from that refusal the case was appealed here. The petition relied

upon three grounds: that his sentence exceeded the punishment prescribed by law, that he was denied the right to counsel, and that the evidence produced by the State was not legally sufficient to sustain the conviction.

There is no merit in the first contention. Sec. 558 of Art. 27 of the Code fixes a maximum penalty of twenty years for this offense. Nor is there any merit in the third contention. The legal sufficiency of evidence to convict can not be reviewed in a *habeas corpus* porceeding. *Bernard v. Warden,* 187 Md. 273, 49 A. 2d 737; *Copeland v. Wright,* 188 Md. 666, 53 A. 2d 553.

The remaining question as to his right to counsel presents more difficulty. The petition alleges that he was arrested on January 5, 1947, given a preliminary hearing on January 6, 1947, and tried in the Criminal Court on January 7, 1947, and that he did not have sufficient time to engage counsel to represent him. It further alleges that the Court did not appoint counsel to represent him. But the petition does not allege that he ever requested a postponement in order to obtain counsel, or that he made any request to the Court, before or during the trial for the appointment of counsel. The mere fact that he was tried without the benefit of counsel to represent him does not indicate a lack of due process.

Section 3B of Art. 42 of the Code (ch. 702, Acts 1945) provides: "No application shall be dismissed because technical requirements of pleading have not been met, provided it shows that the applicant is unlawfully restrained of his liberty; but the judge considering the case may, at his discretion, dismiss the petition or require it to be amended or otherwise amplified unless the application alleges facts sufficient, if true, to probably show that the applicant is illegally detained." We think the petition did not allege facts sufficient to meet this requirement, and we find no abuse of discretion in the Court's failure to call for amendment or amplification. Compare *Gall v. Brady,* D. C., 39 F. Supp. 504, and *Carey v. Brady,* D. C., 39 F. Supp. 515. These cases were affirmed by the Circuit Court of Appeals for the fourth

circuit in 125 F. 2d 253, and *certiorari* denied by the United States Supreme Court in 316 U. S. 702, 62 S. Ct. 1305, 86 L. Ed. 1770. It is well established that it is only where "want of counsel in a particular case may result in a conviction lacking in * * * fundamental fairness" (*Betts v. Brady,* 316 U. S. 455, 62 S. Ct. 1252, 1262, 86 L. Ed. 1595) that the failure to appoint counsel can be deemed a lack of due process. See note 146 *A. L. R.* 369. It is incumbent upon a petitioner to allege facts entitling him to relief before he is entitled to a hearing. *Olewiler v. Brady,* 185 Md. 341, 44 A. 2d 807.

In view of our conclusion it is unnecessary to consider whether, in any event, a charge of a lack of due process in a trial can be reviewed in this State upon application for a writ of *habeas corpus.* That question was left open by Chief Judge Bond in his opinion in *Betts v. Brady.* See Record No. 837, Oct. Term 1941, Supreme Court of the United States, p. 28. See also *Coates v. State,* 180 Md. 502, 25 A. 2d 676, and *Bernard v. Warden, supra.* Compare Hawk v. Olson, 326 U. S. 271, 66 S. Ct. 116, 90 L. Ed. 61; *Hawk v. Olson,* 145 Neb. 306, 16 N. W. 2d 181; *Woods v. Nierstheimer,* 326 U. S. 692, 66 S. Ct. 270, 90 L. Ed. 408; *Morhaus v. Supreme Ct. of New York,* 293 N. Y. 131, 56 N. E. 2d 79.

*Order affirmed, without costs.*