JACKSON *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 1, October Term, 1947.]

*Decided November 13, 1947.*

Before MARBURY, C. J., DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Per Curiam.*

This purports to be an appeal from an order, passed May 23, 1947, refusing to issue a writ of habeas corpus. The order for appeal was dated May 28th, filed in the lower court June 2d and received in this court June 3d. Chapter 625 of the Acts of 1947, which requires an application to this court "for leave to prosecute an appeal" (Art. 42, sec. 3C), took effect June 1st. *Davis v Warden of Maryland House of Correction*, 190 Md. 719, 60 A. 2d 180, just decided. Whether this act is applicable to an appeal from an order passed before June 1st is not now material. In either view, appeal was taken or application for leave properly made within ten days. In the absence of a rule of this court to the contrary, we think the application for leave to appeal may be made through the lower court, in which an appeal would be entered. Rule 49 of this court now provides that such application may be filed either with the clerk of this court or with the clerk of the lower court. We will assume, without deciding, that this is an appeal under the Act of 1945, c. 702.

Petitioner is imprisoned under sentence of twelve months for assault and battery. He alleges (a) that he acted in self-defense and was not guilty and (b) that he "was not given time to get himself counsel". He does not allege that postponement was requested and refused. There is no showing of denial of fundamental rights. *Nance v. Warden of Maryland House of Correction*, 189 Md. 112, 53 A. 2d 554, 555; *cf. Hawk v. Oslon*, 326 U. S. 271, 66 S. Ct. 116, 90 L. Ed. 61. The question of guilt or innocence cannot be retried on habeas corpus. *Olewiler v. Brady*, 185 Md. 341, 344, 44 A. 2d 807; *Bernard v. Warden of Maryland House of Correction*, 187 Md. 273, 49 A. 2d 737.

*Order affirmed, without costs.*