## JAMES A. ROUNTREE *v.* J. LEROY WRIGHT, WARDEN, ETC.

[No. 23, October Term, 1947.]

*Decided November 14, 1947.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

*James A. Rountree,* in *pro per.*

*Hall Hammond, Attorney General,* and *J. Edgar Harvey, Assistant Attorney General,* for the appellee.

MARKELL, J., delivered the opinion of the Court.

This is an appeal, taken and perfected before June 1, 1947, the effective date of Chapter 625 of the Acts of 1947, from refusal of a writ of *habeas corpus.*

Petitioner is imprisoned under sentence of two years for "assault to murder". He alleges that his "civil and constitutional rights" were violated at his trial and the State produced "false and insufficient" evidence against him. In his brief in this court he argues at some length that: he was not guilty, did not shoot anybody, but in his own house fired, at a man trying to break into his shop, two bullets, which lodged in his front door; at his trial his lawyer "misrepresented" him by not calling five witnesses; a named policeman threatened two of his five witnesses with imprisonment if they testified for him; after sentence of three years, and after refusal of his lawyer to do so, he "made a motion" to call his five witnesses, and the court (who heard the case without a jury) called one of them, struck out the policeman's testimony, and reduced the sentence to two years; he was thus convicted on "false, unconstitutional, malicious, prejudiced, prejudged [perjured?], insufficient and inadequate testimony," of one witness, the man shot; he has newly discovered evidence that he did not shoot the man; no warrant was "sworn against" him.

Even if these assertions in the brief had been allegations in the petition for *habeas corpus,* they would not have been sufficient to entitle petitioner to a writ. There are no allegations or assertions or supporting affidavits as to *facts* showing that evidence was perjured and known by the State's officers to be perjured (*Mooney v. Holohan,* 294 U. S. 103, 112, 55 S. Ct. 340, 79 L. Ed. 791, 98 A. L. R. 406; *Lyle v. State of Kansas,* 317 U. S. 213, 63 S. Ct. 177, 87 L. Ed. 214; *Lisenba v. People of State of California,* 314 U. S. 219, 62 S. Ct. 280, 86 L. Ed. 166), or was suppressed by threats of State's officers, or that petitioner's counsel betrayed him or acted corruptly or collusively (*Woods v. Nierstheimer,* 328 U. S.

211, 66 S. Ct. 996, 90 L. Ed. 1177)—assuming without deciding (*Nance v. Warden,* 189 Md. 112, 53 A. 2d 554, 555), that such charges of lack of due process could be reviewed on *habeas corpus.*

Of course, no testimony can be taken in this court. Neither here nor below can the question of guilt or innocence and the sufficiency of the evidence be retried on *habeas corpus. Olewiler v. Brady,* 185 Md. 341, 344, 44 A. 2d 807; *Bernard v. Warden,* 187 Md. 273, 49 A. 2d 737. Ordinarily rulings on evidence present no question of due process and are reviewable only on appeal or motion for new trial. *Cf. Chambers v. Florida,* 309 U. S. 227, 60 S. Ct. 472, 84 L. Ed. 716; *Lisenba v. California,* 314 U. S. 219, 62 S. Ct. 280, 86 L. Ed. 166. There is no showing of rulings on evidence which involve any fundamental rights.

*Order affirmed, without costs.*