STATE EX REL. SISK *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 33, October Term, 1947.]

760

*Decided May 21, 1948.*

Before MARBURY, C. J., DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Per Curiam.*

This is an application for leave to appeal from an order remanding petitioner after hearing on a writ of habeas corpus. Petitioner is imprisoned under sentence of two and one-half years for "storehouse breaking" [presumably "statutory burglary", art. 27, sec. 34], receiving stolen goods and larceny. He alleges that the commitment does not mention by what authority it was issued, and therefore is invalid and illegal; and that testimony was illegal, "having been given by a man of unsound mind", a former inmate of a home for the insane for four years, and "this information was known by the State's Attorney but still he failed to disclose it to the Court, and on that man's testimony alone" petitioner was illegally deprived of his liberty. No copy of either the indictment or the commitment was filed

with the petition, but the petition shows indictment, conviction and sentence and therefore shows lawful imprisonment. There are no allegations or supporting affidavits as to facts showing actual mental incapacity of the witness and knowledge and concealment of such incapacity by the State's Attorney. Petitioner's allegations are bare assertions as to matters not possibly within his own knowledge. Non-disclosure of the witness's previous confinement in a mental institution falls far short of fraudulent suppression of evidence or use of perjured testimony by State's officers. The questions of guilt or innocence and the weight or sufficiency of the evidence cannot be retried on habeas corpus. *Rountree v. Wright*, 189 Md. 292, 55 A. 2d 847, 848. The petition, therefore, does not allege "facts sufficient, if true, to probably show" that petitioner is illegally detained. The petition, therefore, might properly have been dismissed.

The record does not contain a statement by the judge, "setting forth the grounds of the application, the questions involved, and the reasons of the Court for the action taken", required by art. 42, sec. 3B, Code, 1947 Supplement. Ordinarily it might be necessary to remand the case so that such a statement might be supplied. However, as the petition on its face shows no sufficient ground for issuing the writ, and might properly have been dismissed, we think it unnecessary to remand the case.

*Application denied, without costs.*