STATE EX REL. KIRBY *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 36, October Term, 1947.]

*Decided May 21, 1948.*

Before MARBURY, C. J., DELAPLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

*Per Curiam.*

This is an application for leave to appeal from an order remanding petitioner after hearing on a writ of habeas corpus. Petitioner is imprisoned under sentence of two years for embezzlement. Art. 27 sec. 140. He alleges that "the commitment is faulty and illegal", because he "was found guilty of larceny of the third count", and there was "no indictment for larceny in the third count". The third count of the indictment charges embezzlement and larceny in the language of art. 27, sec. 140, which "makes the offense of embezzlement larceny". *Crouse v. State,* 163 Md. 431, 433, 163 A. 699. Consequently he is lawfully imprisoned.

He also alleges that he "was brought to trial without his rights of a preliminary hearing and was therefore denied the right to prepare his defense properly." No facts alleged show any denial of hearing or of opportunity to prepare his defense. The record shows commitment filed December 22, 1947; appearance of counsel appointed by the court December 23, 1947; presentment December 24, 1947; indictment, *"cepi* on bail", December 29, 1947; arraignment, plea of guilty of third count, judgment, January 6, 1948.

The record does not contain a statement by the judge, "setting forth the grounds of the application, the questions involved, and the reasons of the Court for the action taken", required by art. 42, sec. 3B, Code, 1947 Supplement. Ordinarily it might be necessary to remand the case so that such a statement might be supplied. However, as the record before us shows that

767

petitioner is lawfully imprisoned, the reason for the court's action is apparent and it is unnecessary to remand the case. *State of Maryland ex rel. Sisk v. Warden of Maryland House of Correction,* 190 Md. 759, 59 A. 2d 790.

*Application denied, without costs.*