## MEADOWS *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 8, October Term, 1948.]

*Decided October 6, 1948.*

Before MARBURY, C. J., DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Per Curiam.*

This is an application for leave to appeal from refusal of a writ of habeas corpus. The appeal is filed by Elmer Meadows, who claims he is blind and is now confined in the Maryland Penitentiary on conviction of rape.

He claims that before his trial there was no preliminary hearing, that his arrest was without a warrant and his conviction was based on false testimony. He also claims that his witness was not brought into court to testify. No facts alleged show a denial of a preliminary hearing or of an opportunity to prepare his defense. He admits that he was tried on an indictment. *State ex rel. Kirby v. Warden Maryland House of Correction,* 190 Md. 765, 59 A. 2d 791. A preliminary hearing is not necessary before a valid indictment can be obtained. *State ex rel. Sanner v. Warden of Maryland House of Correction,* 191 Md. 743, 59 A. 2d 762.

Even if he was illegally arrested and held, this did not absolve him from punishment when lawfully indicted, tried and convicted. *Davis v. Brady,* 188 Md. 113, 51 A. 2d 827; *Edmondson v. Brady,* 188 Md. 96, 52 A. 2d 96; *Bowie*

*v. Warden of Maryland Penitentiary,* 190 Md. 728, 60 A. 2d 185.

Of course, the question of guilt or innocence and the sufficiency of the evidence cannot be retried on habeas corpus. *Olewiler v. Brady,* 185 Md. 341 344, 44 A. 2d 807; *Bernard v. Warden of Maryland House of Correction,* 187 Md. 273, 49 A. 2d 737; *Copeland v. Wright,* 188 Md. 666, 53 A. 2d 553.

He does not allege that he asked that witnesses be summoned, whether they were summoned, or what they would testify if present. *Rountree v. Wright,* 189 Md. 292, 55 A. 2d 847; *Walker v. Warden of Maryland Penitentiary,* 190 Md. 729, 60 A. 2d 523.

*Application denied, without costs.*