STATE EX REL. MINTER *v.* WARDEN OF
MARYLAND HOUSE OF CORRECTION

[H. C. No. 3, October Term, 1949.]

714

*Decided June 10, 1949.*

Before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

PER CURIAM.

This is an application for leave to appeal from refusal of a writ of habeas corpus.

Nowhere in the record is it stated what the crime was for which the applicant was sentenced. In his order for appeal to this court he prays "That a copy of the 'transcribe' in the case of Oliver E. Minter versus the State of Maryland for forgery" be sent to this court. From this we suppose he was tried, convicted and sentenced for the crime of forgery. The petitioner says: "When Judge Dickerson of the Baltimore City Court, sentenced your Petitioner to serve five (5) years" he abridged petitioner's rights and privileges because police officers had illegally searched his room and took aforesaid evidence without a warrant. The only point petitioner raises in his brief is that evidence taken in an alleged illegal search by the police officers of his room was admitted in evidence.

Forgery is a felony and carries a sentence to the penitentiary of not less than one and no more than ten years. Art. 27, sec. 45, Code 1939. See sec. 788, Art. 27, Code Supp. 1947. Petitioner, so far as this record shows, was

tried for forgery, convicted, and sentenced to five years in the House of Correction.

At a trial on a charge which is a felony, the courts of this State will not inquire as to the manner in which · evidence is obtained, but, if relevant, receive it. This question could not be raised on habeas corpus, even if the charge were a misdemeanor. No fundamental right of the petitioner was abridged by the admission of such evidence against him by the court.

*Johnson v. State of Maryland,* 193 Md. 136, 66 A. 2d 504.

*Application denied, without costs.*