## BRIDGE *v.* WRIGHT, Warden
[H. C. No. 12, October Term, 1949.]

704

 

Decided December 7, 1949.

Before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

PER CURIAM.

This is an application for leave to appeal from refusal of a writ of habeas corpus. Petitioner is imprisoned under sentences of six years for burglary and carrying a deadly weapon. He alleges that he had previously been convicted and sentenced for the same deadly weapon charge, that while he was in the police station the police unlawfully searched his apartment without a search warrant, that he was not given a separate trial or a trial by jury, and "was not confronted with prosecuting witness," nor was he "given a chance to bring in a witness" for himself. The quoted charges are not explained or amplified. From his brief in this court it appears that at the trial he was represented by counsel, whom he accuses of soliciting employment and incompetency, but not collusion.

This application is denied on Judge Bailey's opinion below:

"The petitioner in this case asks for the issuance of a writ of habeas corpus on the following grounds:

"(1) Because his apartment was entered without a search warrant.

"(2) Because of certain irregularities at the trial.

"All of these objections should have been made at the trial. Rulings of the trial Court relating to the admissi-

bility of evidence can only be reviewed on direct appeal. They cannot be reviewed on habeas corpus. *Rountree v. Wright*, 189 Md. 292, 55 A. 2d 847."

See also *Loughran v. Warden of House of Correction*, 192 Md. 719, 64 A. 2d 712. Neither the due process clause nor the Fourteenth Amendment prohibits double jeopardy. *Robb v. State*, 190 Md. 641, 60 A. 2d 211.

*Application denied, without costs.*

[H. C. No. 13, October Term, 1949.]

*Decided December 7, 1949.*

Before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.