ROBERTS *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[No. 17, October Term, 1950.]

*Decided November 2, 1950.*

Before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

COLLINS, J., delivered the opinion of the Court.

This is an application by David F. Roberts, Jr., for leave to appeal from the refusal of a writ of *habeas corpus.*

Petitioner alleges that he was arrested on March 7, 1950, in Frederick County and charged with driving an automobile under the influence of liquor and on a revoked license. At his trial he was sentenced by the magistrate to two years for drunken driving and six months for driving under the revoked license. The automobile, he says, hit a pole. In the car with him at the time were two other persons. All three got out of the car and ran. He was arrested and also one of his companions who was really operating the automobile. This companion who was really the guilty party, although this fact was unknown to the police, was taken to Baltimore to face another charge. The police, the magistrate, and the State's Attorney, conspired against petitioner. When petitioner's trial was called, his witness was in the Baltimore City jail, so he asked that this witness be produced. The witness, who petitioner claims is really

the guilty person, was returned from Baltimore for the trial about two weeks later but the magistrate would not let this witness testify. The guilty man, who did not testify, is now confined in the House of Correction on another charge.

He claims that the commitments in these automobile cases are null and void because both have the same date, March 20, 1950, and do not state whether they are to be served concurrently or consecutively, but the Warden "has him down to be sentenced for two years and six months". He says he is innocent of these automobile charges as the other man was driving the car. He affixes to his petition to this Court a purported statement from this other person, now in the House of Correction, admitting that he drove the automobile. However, this statement is not signed nor is the name of the person who made this purported statement given. The question of guilt or innocence cannot be tried on *habeas corpus*. *Rountree v. Wright*, 189 Md. 292, 55 A. 2d 847.

Petitioner says he was sentenced by Judge Manley in Baltimore on another charge, which appears to be larceny, for a term of eighteen months, which he is now serving concurrently with the sentence in the automobile cases. He admits he is guilty of that charge. Since he admits he is serving the sentence for larceny all questions involving the other commitments are premature. *State ex rel. Czaplinksi v. Warden, Maryland Penitentiary*, 196 Md. 654, 75 A. 2d 766.

Because the statute authorizes applications "without the prior payment of costs", Code (1947 Supp.), Art. 42, Sec. 3C, we have heretofore not imposed costs, but on reconsideration we have concluded that it is not intended that the costs should be waived in the final disposition of the case. *Olewiler v. Brady*, 185 Md. 341, 348-349, 44 A. 2d 807.

*Application denied, with costs.*