EDWARDS *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 12, October Term, 1951.]

*Decided December 5, 1951.*

Before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

MARKELL, J., delivered the opinion of the Court.

This is an application for leave to appeal from denial of a writ of *habeas corpus.* Apparently petitioner is imprisoned under sentence on conviction of "armed robbery" (Art. 27, sec. 558). He alleges, generally and argumentatively, that he was "found guilty, without the intervention of grand jury", in violation of constitutional rights, "that he was not given * * * opportunity to defend himself, that the court never heard his side of the case, * * * that the state used deposed testimony against him", in violation of his constitutional "right to face his accusers" (Art. 21, Declaration of Rights) and that his trial was "nullity * * * and unconstitutional". No copy of the commitment or any docket entries, rulings or proceedings at the trial or relating to the charge, trial or sentence, and no facts or circumstances relating to his present contentions or showing any violation of fundamental rights are set out in or filed with the petition or contained in any supporting affidavit. *Rountree v. Wright,* 189 Md. 292, 55 A. 2d 84; *Walker v. Warden,* 190 Md. 729, 730, 60 A. 2d 523. Whether Rule 4 of the Criminal Rules of Procedure could constitutionally be invoked by the State to take a deposition in the absence of consent (*Lenoir v. State,* 197 Md. 495, 503-504, 80 A. 2d 3, 7), and likewise, whether indictment (if there was none) has been duly waived in accordance with the statute (*Heath v. State,* 198 Md. ——, 85 A. 2d 43, just decided) are questions that can be raised on appeal, and not by *habeas corpus. Loughran v. Warden,* 192 Md. 719, 723-724, *Strait v. Beall, Sheriff,* 198 Md. 677 84 A. 2d 697.

*Application denied, with costs.*