## BRYANT *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 2, October Term, 1950.]

*Decided July 18, 1950.*

Before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

DELAPLAINE, J., delivered the opinion of the Court.

This is the second time that James Otis Bryant has applied here for leave to appeal from refusal of a writ of *habeas corpus.*

In April, 1949, petitioner was convicted by the Criminal Court of Baltimore on the charge of robbery with a deadly weapon, and he was sentenced to the Maryland Penitentiary for the term of 20 years. He claims that he is being illegally deprived of his liberty because the

police searched his home without a warrant on the night of January 29, 1949, and he was illegally arrested while he was in bed in his home. He says that immediately afterwards he was taken to the police station, where he was accused by the officers of five charges of robbery.

On the former application petitioner alleged that the arresting officer searched his home without a search warrant; that the trial Court had no sufficient evidence to find him guilty; that the Court did not make it known that they were using a toy pistol against him as evidence at his trial; and that the facts were not sufficient to convict him of robbery with a deadly weapon. The application was denied by the Court of Appeals on February 9, 1950. *Bryant v. Warden of Maryland Penitentiary*, 194 Md. 723, 71 A. 2d 302. The present application of petitioner is a restatement of the grounds previously set forth. No new facts have been set forth that would justify the granting of the writ of *habeas corpus*. An illegal arrest does not prevent one from being validly indicted and tried. *State ex rel. Zell v. Warden of Maryland House of Correction*, 191 Md. 745, 59 A. 2d 737; *Finch v. Warden of Maryland House of Correction*, 194 Md. 728, 71 A. 2d 301. The question whether a prisoner's house was searched without a search warrant cannot be raised on *habeas corpus*. *State ex rel. Minter v. Warden of Maryland House of Correction*, 193 Md. 713, 66 A. 2d 919.

Petitioner insists that he was convicted of three charges of robbery with a deadly weapon, although he was "not identified as one of the hold-up men," and there was no evidence found upon him. He says that the State did not produce any deadly weapon at the trial, but produced a toy pistol which the police took from his baby on the night of January 29. He says that the State used this toy, two coats, and two or three hats as evidence to convict. He contends that the jury had no right to find him guilty of robbery with a deadly weapon inasmuch as no deadly weapon was produced in court. The question of guilt or innocence and the

sufficiency of evidence cannot be tried on *habeas corpus*. *Rountree v. Wright*, 189 Md. 292, 55 A. 2d 847.

*Application denied, without costs.*