## STATE EX REL. COPELAND *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 20, October Term, 1949.]

 

*Decided January 11, 1950.*

Before MARBURY, C. J., DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

PER CURIAM.

This is the second time this petitioner has had his case, involving his confinement in the Maryland Penitentiary, before this Court on habeas corpus. The first case is to be found in *Copeland v. Wright,* 188 Md. 666, 53 A. 2d 553.

The claims he now makes are different from those in the first case.

He now contends he was not arraigned, no counsel was assigned to him, and that he did not have time to get counsel.

On application to Judge Gontrum, the latter declined to issue the writ, and from that refusal the application is made for leave to appeal here.

The record shows that the petitioner was convicted of burglary, but the indictment is not before us, and we are unable to determine exactly what the charge was. Burglary, under the Maryland statute, Article 27, Section 33, is not a felony. *Bowser v. State,* 136 Md. 342, 344, 110 A. 854. Whether he was indicted under this section or whether he was indicted for the common law offense of breaking and entering in the night-time, does not appear. There is no right of arraignment for a misdemeanor. *Basta v. State,* 133 Md. 568, 105 A. 773. Under these

circumstances we are unable to find that he was denied any right to which he was entitled.

The record does not show that petitioner requested the appointment of counsel to represent him, or that he ever requested a postponement of the case in order that he could obtain counsel for himself. We cannot, therefore, find that he was denied any right to which he was entitled. *Nance v. Warden of Maryland House of Correction*, 189 Md. 112, 53 A. 2d 554.

The leave to prosecute the appeal is, therefore, denied.

*Application denied, without costs.*