### REEDER *v.* WARDEN OF MARYLAND PENITENTIARY

[No. 22, October Term, 1950.]

684

*Decided December 6, 1950.*

Before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

HENDERSON, J., delivered the opinion of the Court.

This is an application for leave to appeal from a refusal of a writ of *habeas corpus*. The applicant was convicted of rape in Harford County in 1947, after a jury trial, and sentenced to life imprisonment. He was represented by counsel, and after a motion for new trial was overruled, no appeal was taken to this court. In his petition for a writ of *habeas corpus* he alleged that the trial court did not have jurisdiction "because perjured testimony was deliberately used to obtain a conviction" and "because it clearly appears from the transcript of record of the case that the Relator * * * was wrongly identified as the perpetrator of the crime * * *". Judge Niles granted the petition, but at the hearing, ruled that the petition was insufficient and signed an order remanding the relator "with leave to file an amended petition". This leave was "withdrawn by request of relator's

counsel, after motion for immediate amendment denied", to which motion the state objected.

We think the court's ruling was correct. A bald assertion that perjured testimony was deliberately used against him is insufficient, in the absence of "facts showing that the State's officers used testimony known to be perjured, or participated in any conspiracy to defraud petitioner of his rights." *Sembly v. Warden,* 190 Md. 744, 745, 60 A. 2d 526. To the same effect, see *State ex rel. Sisk v. Warden,* 190 Md. 759, 59 A. 2d 790; *State ex rel. Celetano v. Wright,* 192 Md. 713, 63 A. 2d 635; and *State ex rel. Heddings v. Superintendent,* 193 Md. 723, 68 A. 2d 675. In *Rountree v. Wright,* 189 Md. 292, 293, 55 A. 2d 847, Judge Markell, speaking for the court, said: "Even if these assertions in the brief had been allegations in the petition for *habeas corpus,* they would not have been sufficient to entitle petitioner to a writ. There are no allegations or assertions or supporting affidavits as to *facts* showing that evidence was perjured and known by the State's officers to be perjured (Mooney v. Holohan, 294 U. S. 103, 112, 55 S. Ct. 340, 79 L. Ed. 791, 98 A. L. R. 406; *Pyle v. State of Kansas,* 317 U. S. 213, 63 S. Ct. 177, 87 L. Ed. 214; *Lisenba v. People of State of California,* 314 U. S. 219, 62 S. Ct. 280, 86 L. Ed. 166), or was suppressed by threats of State's officers, or that petitioner's counsel betrayed him or acted corruptly or collusively (*Woods v. Nierstheimer,* 328 U. S. 211, 66 S. Ct. 996, 90 L. Ed. 1177) * * *."

Moreover, it is apparent from the memorandum brief filed by the present counsel for the petitioner in connection with his replication to the State's general denial, that he has no new evidence of perjury or misconduct, but relies entirely upon the transcript of record at the trial to show alleged inconsistencies in the testimony of the prosecuting witness in regard to the commission of the crime, and the alleged weakness or uncertainty of her identification of the accused. He argues from the record that the State's officers "knew or should have known that the relator was innocent". These arguments

686

were open to the accused at the trial, and on motion for new trial. They go to the weight or sufficiency of the evidence, not to the question of due process. Likewise, the contention that there was error in the charge to the jury is not open in this proceeding. In the absence of particulars tending to show that the trial was a sham, the dismissal of the petition without hearing testimony was within the court's discretion. Code, 1947 Amendment, Article 42, section 3B; *Nance v. Warden,* 189 Md. 112, 53 A. 2d 554.

*Application denied, with costs.*