**Carl Junior HACKATHORN**

v.

**J. E. (Bill) DECKER.**

**Civ. A. No. CA–3–1058.**

United States District Court
N. D. Texas,
Dallas Division.

July 7, 1965.

Phil Burleson, Dallas, Tex., for petitioner.

Henry Wade, Criminal Dist. Atty., Dallas County, Tex., William F. Alexander, Frank Watts, W. John Allison, Jr., Asst. Dist. Attys., all of Dallas County, Tex., Dallas, Tex., for respondent.

DAVIDSON, District Judge.

Before us in the above styled and numbered cause is a petition for writ of habeas corpus seeking a discharge by the petitioner from a judgment of conviction rendered in the State District Court at Dallas, Texas.

Briefly stated, the petitioner was charged with the murder of a woman out near White Rock in the City of Dallas. It seems that he and she were in the same car and that after he had shot her through the head he took the car and drove to Laredo, apparently heading for Mexico. While on the streets of Laredo he had a wreck and was arrested and it became known to the officers of Laredo that he was charged with murder and car theft in Dallas.

He was brought back to Dallas and tried on the charge of murder before Judge Henry King of the State District Court in Dallas, Judge King being one of the more experienced judges, particularly in the trial of criminal cases. He was convicted and given the death penalty. This he appealed to the Court of Criminal Appeals of the State of Texas where it was affirmed.

He sought a writ of certiorari in the United States Supreme Court which was denied.

He has apparently exhausted all avenues of further adjudicating the charges against him and now files a petition in this court for writ of habeas corpus to be discharged.

He alleges that his wife was threatened and that he made admissions while in Laredo by reason of these threats which he said came over the phone from Captain Will Fritz, long-time head of the Homicide Squad of the Dallas Police Force. His counsel offered to testify to the fact that he believed the charges to be true and that the contention of his client was well grounded. Such testimony, of course, was refused by the Court.

Petitioner made various other claims which we do not regard as important, among which was a charge that he was denied access to a report on the autopsy on the deceased. This it appears was a practice of the District Attorney's office not to give out these reports, because in many cases they were calculated to injure or embarrass other persons than those in the controversy and of course where they became pertinent they could be obtained by an order of the Court when asked for. Defendant's counsel did have a copy of the report and used it in cross examination in the State court trial.

Another of such grounds was that he called on the District Attorney in advance of the trial for a list of the witnesses that he would use. The District Attorney says that defense counsel had such information and that furthermore he was furnished with a list on the morning of the day that jury selection commenced, and before such selection began, and at least several days before the arraignment of the defendant in court.

He urges other matters or items which we deem not needful here to recount or to review in detail.

■ In Wilson v. State of Nebraska (8th Cir. 1963), 316 F.2d 84, at page 86, the Court said:

"* * * to justify conviction, *it has long been established that sufficiency of the evidence and veracity of witnesses could not be challenged through the medium of habeas corpus but must be raised by direct appeal.*" (Cites cases.) (Emphasis ours.)

As we review the evidence offered and attempted to be offered certain rules and principles of law come before us.

■ (A) Murder is a crime triable in the State courts only. There is no constitutional provision or statute vesting in the Federal trial court such authority. The crime was not committed on government property nor were there any of the other circumstances that would give the Federal court jurisdiction.

■ (B) If the judgment and conviction in the State court is void, then any court with jurisdiction of the person may entertain a petition for writ of habeas corpus. And if the Court finds that such State judgment is void, the petitioner may be released, but if released is this Court clothed with the authority of acquitting him and exonerating him, so to speak, and setting him free? If he is to be tried again, then again he will face a trial in the State court.

(C) If discharged by this Court, the question presents itself will he be sub-ject to trial again anywhere. Article V of the Bill of Rights says that no man shall be twice put in jeopardy for the same offense. The defendant has already been once in jeopardy as a result of the trial in the State court. Then can be be tried again in the light of this constitutional provision?

(D) We think that to subject him to another trial it becomes necessary for his conviction to be reversed in an appellate court clothed with legal and constitutional authority to reverse and remand his case or else he stands free and not subject to another trial which would put him twice in jeopardy for the same offense.

We find in the record no order of any court ordering a new trial.

We know of no mandatory statute ordering such. If he is re-indicted then the court is confronted with the plea of former jeopardy.

■ (E) The conviction in the State court cannot be treated as void if no errors are presented or claimed in the State procedure that would render its action void, but rather the case is presented on the ground that the State admitted certain evidence in the trial which under subsequent decisions of the higher courts would not be admitted at this time.

(F) If they were not error at the time, then the judgment is not void. Hence it must follow that his conviction was in accordance with the law at the time. And even though the Court may have erred in the trial of the case in the State court we nowhere find that the law constitutes a United States trial court an appellate branch of jurisprudence with authority to review and reverse State court cases.

The petitioner predicates his claim upon the contention that certain recent decisions of the higher court have had the effect of changing the rules of evidence and that if the defendant was tried now certain evidence that was admitted against him might be excluded under

what the defendant calls the changed law.

The Constitution of the United States, Article I, Sections 9 and 10, forbids the enacting of any ex post facto law. Our court of last resort may overturn former decisions of its own body resulting to a degree in a change of administrative procedure in our courts, but nowhere has it yet been insisted that such court can rewrite the law and change the wording of our criminal code as it now exists.

(G) A change in the administrative procedure does not carry with it a change of the substantive law legally enacted by Congress. If it does, then every decision of the higher court reversing some previous procedure would result in petitions for writs of habeas corpus and entitle the petitioner to be released.

(H) If Congress may pass no ex post facto law, then a court by changing the administrative procedure may not do that which Congress is forbidden to do.

We think the maxim is sound to the effect that that which may not be done directly may not be done indirectly.

After the rules of evidence have been changed by decision of our higher courts there would be justification in trials thereafter to conform to the Court's decision, but nowhere and under no course of reasoning can it be made retroactive in the face of our constitutional law that has so long existed and which Congress is forbidden to change.

We consider the foregoing maxims of law applicable to the case before us, and it is the judgment of this Court that to hold as insisted by the petitioner that the law has been changed since he was tried by Court decisions would create confusion in our entire criminal jurisprudence in that every time a rule of evidence or rule of administrative law was changed or annulled by a Court decision, all cases previously tried would be entitled to a writ of habeas corpus and a discharge in a Federal court, and the number of cases would be legion.

The petitioner offers oral testimony as well as the entire record of the State court for our consideration. The petitioner himself took the stand and testified that Captain Fritz of the Homicide Squad of the Dallas Police Department threatened his wife's liberty if he didn't sign the confession. Captain Fritz testified that no such statement was made. It becomes thus the duty of this Court to determine the weight of the testimony of the two witnesses. The petitioner or defendant in the State court has his life and liberty at stake. He is very much interested in the result of this trial. Captain Fritz is a man of maturity, a widely known and respected officer who would have no particular or personal interest in warping or twisting his testimony. We accept the testimony of Captain Fritz as true.

Although it may be held that even after all other means of legal process have been exhausted that a person convicted in a State court may still come into a Federal trial court and petition for writ of habeas corpus, we think that an enlargement of such practice would be disastrous and confusing and think it should not be encouraged.

In Grundler v. State of North Carolina (4th Cir. 1960), 283 F.2d 798, at page 801, Chief Justice Soboloff said:

"We think that the transcript of the trial demonstrates that the evidence was sufficient. *Even if we entertained doubts about this, there would be no basis for a federal court in a habeas corpus proceeding to undertake a broad review of the conviction in the state court. There is a difference between a conviction based upon evidence deemed insufficient as a matter of state criminal law, and one so totally devoid of evidentiary support as to raise a due process issue.* \* \* \*" (Emphasis ours.)

We can envision two avenues before us for one convicted of crime. The first avenue is a trial in a State court of competent jurisdiction. He takes an appeal to the Court of Criminal Appeals which is his legal right. When he loses in that court he comes back to the other parallel

and files a petition for writ of habeas corpus testing the question of guilt again in a trial court, the United States court this time. Then he may appeal to the appellate court of the United States. Thus he is accorded two channels and a double line of trials lies before the State and Nation.

We think that the founders of our government were wise when they said:

Article X of the Bill of Rights— "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."

We find no legal or valid ground to grant the writ of habeas corpus as sought in this case and to recognize as valid a practice such as sought by the petitioner would create endless confusion in the administration of our criminal laws.